# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
August 3, 2017

v

No. 332339
Wayne Circuit Court
LC No. 15-001533-01-FC

DONNIE ANTHONY THOMAS-DAWSON,

        Defendant-Appellant.

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Following a bench trial, the circuit court convicted defendant of armed robbery, MCL 750.529, assault with intent to do great bodily harm, MCL 750.84, carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant challenges the sufficiency of the evidence supporting his CCW conviction, defense counsel's failure to insist on a speedy trial, the propriety of the eyewitnesses' identification, the imposition of consecutive sentences for felony-firearm and unrelated sentences, and the assessment of various costs and fees at sentencing. We affirm defendant's convictions, but remand for further sentencing proceedings.

## I. FACTUAL BACKGROUND

In the early morning hours of January 27, 2015, defendant and Joseph Brown drove to a Detroit gas station in a black, two-door Monte Carlo with plastic covering the rear passenger-side window. The men went into the gas station convenience store to purchase cigars. Gordon Johnson, who did odd jobs and served as a security at the gas station, was standing near the doorway. On the way out, defendant pulled out a pistol and jabbed it in Johnson's side. Defendant forced Johnson to walk toward defendant's vehicle. Defendant then hit Johnson several times in the face with the pistol, breaking several of Johnson's teeth, and Brown punched him. Defendant and Brown took $30 and some marijuana from Johnson and stole his "True Religion" jacket. When Brown turned his back, Johnson seized the opportunity. He punched defendant in the face and ran away. As Johnson ran, defendant fired the pistol toward him. None of the bullets hit their target. Johnson and gas station attendant, Mohammed Bin Rabed, later described defendant as tall, with "puffed up hair," and wearing a yellow turtleneck shirt.

Approximately 10 minutes later, Breaun Glasper noticed defendant and Brown in a liquor store parking lot. She described their vehicle as a black Monte Carlo with plastic over the rear

passenger window.  As Glasper left the liquor store, defendant and Brown began to walk toward her.  Brown carried a pistol in his hand.  Glasper escaped before the men could reach her.

The police tracked down defendant and Brown approximately one hour later.  The men were still traveling in a black Monte Carlo with the rear passenger window covered in plastic. Defendant was still wearing a yellow shirt.  The arresting officers did not find a pistol or the stolen money or jacket.  The following day, Johnson and Glasper both identified defendant at a corporeal lineup.[1]

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first challenges the sufficiency of the evidence supporting his CCW conviction.  Specifically, defendant contends that the prosecutor cannot prove he concealed the pistol as Johnson saw the weapon.  We review de novo a defendant's challenge to the sufficiency of evidence, viewing the evidence in the light most favorable to the prosecution to determine if the prosecutor established the elements of the offense beyond a reasonable doubt.  *People v Henderson*, 306 Mich App 1, 8-9; 854 NW2d 234 (2014).

MCL 750.277 proscribes the offense of CCW, in relevant part, as follows:

(2) A person shall not carry a pistol concealed on or about his or her person, . . . except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license.

This Court has consistently held that concealment within the CCW statute does not require complete invisibility.  In *People v Jones*, 12 Mich App 293, 296-297; 162 NW2d 847 (1968), a police officer placing the defendant under arrest noticed what appeared to be the butt of a pistol poking out of the defendant's pocket.  On appeal, the defendant challenged his CCW conviction because part of the pistol was visible and therefore not "concealed."  This Court concluded:

"The purpose of *all* concealment statutes is clear.  At the time they were enacted, the open carrying of weapons upon the person[] was not prohibited.  The purpose of the concealed weapons statutes was to prevent men in sudden quarrel[s] or in the commission of crime from drawing concealed weapons and using them without prior notice to their victims that they were armed.  The person assailed or attacked would behave one way if he knew his assailant was armed and perhaps another way if he could safely presume that he was unarmed." *People v Raso*, 9 Misc 2d 739; 170 NYS2d 245, 251 (1958).

---

[1] Brown was originally designated as a codefendant in this case, but was ultimately deemed incompetent to stand trial.

The evident statutory purpose is reflected in the general rule applied in other jurisdictions that absolute invisibility is not indispensable to concealment of a weapon on or about the person of a defendant, and that a weapon is concealed when it is not discernible by the ordinary observation of persons coming in contact with the person carrying it, casually observing him, as people do in the ordinary and usual associations of life.

\* \* \*

The issue of concealment depends upon the particular circumstances present in each case and whether the weapon was concealed from ordinary observation is a question for the trier of fact to determine. . . . [*Id.* at 295-297 (citations omitted; emphasis in original).]

Based on the reasoning in *Jones*, this Court has repeatedly held that a defendant may be convicted for CCW if he or she conceals the weapon during even part of the offense. *People v Espinosa*, 142 Mich App 99, 102; 369 NW2d 265 (1985) (where the defendant had the gun concealed on his person during a fistfight, it fell to the ground and the defendant's sister-in-law carried it away, and the defendant followed her, returned with the gun and shot the victim); *People v Charron*, 54 Mich App 26, 30; 220 NW2d 216 (1974) ("The fact that the weapon is in plain view at one point in time does not negate, as a matter of law, the finding that under any particular set of circumstances there was the necessary concealment."); *People v Iacopelli*, 30 Mich App 105, 106-107; 186 NW2d 38 (1970) (where the defendant concealed the weapon only after the arresting officers saw him brandishing the gun). The point of the CCW statute is to prevent surprising a victim with a weapon. *People v Nimeth*, 236 Mich App 616, 621; 601 NW2d 393 (1999) (quotation marks and citation omitted) ("[T]he general purpose behind the concealed weapon statute is to prevent the possibility that quarrelling persons would suddenly draw a hidden weapon without notice to other persons."). Where a defendant brings a concealed weapon into a situation and then suddenly brandishes the weapon to accomplish his or her illegal goals, the defendant has used the concealed weapon to his or her advantage.

Here, Johnson and Bin Rabed testified that they did not see defendant's pistol when he walked into the gas station convenience store. Only when defendant jabbed the pistol into Johnson's side to force him out of the store did anyone notice the weapon. The jury credited this testimony, finding that defendant had concealed his weapon. We may not interfere with that assessment. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008).

### III. FELONY-FIREARM SENTENCE

At sentencing, the trial court ruled that defendant's felony-firearm sentence would run consecutive to all of his other sentences. Defendant argues, and the prosecutor agrees, that the felony-firearm sentence should be consecutive only to the armed robbery sentence. Specifically, the felony-firearm statute precludes CCW as a predicate felony and the prosecutor did not list defendant's assault charge as a predicate felony in the information. As such, we remand to the trial court to amend the judgment of sentence to reflect that defendant's felony-firearm sentence is consecutive to the armed robbery sentence alone. See *People v Taybron*, 486 Mich 899; 780 NW2d 795 (2010); *People v Clark*, 463 Mich 459, 465; 619 NW2d 538 (2000).

## IV. COURT COSTS

Defendant challenges the trial court's imposition of $600 in court costs under MCL 769.1k(1)(b)(*iii*), as the court did not establish a factual basis on the record to support the assessment. The prosecutor agrees that remand is necessary pursuant to *People v Konopka (On Remand)*, 309 Mich App 345, 359-360; 869 NW2d 651 (2015), to "establish a factual basis" supporting that "the costs imposed were reasonably related to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)(*iii*)." Accordingly, in addition to correcting the judgment of sentence as outlined above, the trial court must conduct a hearing to state on the record its factual basis for assessing $600 in costs.

## V. ATTORNEY FEES

Defendant also challenges the trial court's assessment of $400 in attorney fees without first determining whether he was indigent and unable to pay the fees. Our review is limited to plain error as defendant did not preserve his challenge below. *Konopka*, 309 Mich App at 356.

A trial court is permitted to impose attorney fees against a defendant at the time of sentencing. MCL 769.1k(1)(b)(*iv*). The *imposition* of these fees "is not limited by reference to a defendant's ability to pay," and a defendant is not entitled to an "ability-to-pay" analysis at *sentencing*. *People v Jackson*, 483 Mich 271, 283, 291; 769 NW2d 630 (2009). Rather, defendant is entitled to consideration when the Department of Corrections attempts to *enforce* the court order. Before withdrawing funds from the defendant's prison account as permitted by MCL 769.1*l* to cover attorney fees, the department must notify the defendant and give him or her "an opportunity to contest the enforcement on the basis of his [or her] indigency." *Jackson*, 483 Mich at 292. Only then should the court "evaluate the defendant's ability to pay." *Id.* at 293.

The trial court therefore did not err in assessing attorney fees against defendant at sentencing. Defendant will be entitled to challenge the award upon enforcement by the Department of Corrections, but no relief is warranted at this time.

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL

In an in pro per brief filed pursuant to Administrative Order No. 2004-6, Standard 4, defendant contends that his appointed trial counsel was constitutionally ineffective for failing to pursue his right to a speedy trial. Our review is limited to plain error apparent on the existing record as defendant did not move for a new trial or *Ginther*[2] hearing in the lower court. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014); *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). To warrant relief, defendant must overcome the heavy burden of establishing that counsel's performance was constitutionally deficient and affected the outcome of his trial. *Lopez*, 305 Mich App at 693-694.

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

"[A] defendant's right to a speedy trial is guaranteed by the United States and Michigan Constitutions." *People v Rivera*, 301 Mich App 188, 193; 835 NW2d 464 (2013), citing US Const, Am VI; Const 1963, art 1, § 20. "[T]he federal and state constitutions and Michigan statutory law guarantee criminal defendants a speedy trial without reference to a fixed number of days." *Rivera*, 301 Mich App at 193 (quotation marks and citation omitted). Pursuant to MCL 768.1:

> The people of this state and persons charged with crime are entitled to and shall have a speedy trial and determination of all prosecutions and it is hereby made the duty of all public officers having duties to perform in any criminal case, to bring such case to a final determination without delay except as may be necessary to secure to the accused a fair and impartial trial.

Four factors must be considered in determining whether a defendant's right to a speedy trial has been violated: "(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *People v Williams*, 475 Mich 245, 261-262; 716 NW2d 208 (2006) (citation omitted). "When the delay is more than 18 months, prejudice is presumed, and the prosecution must show that no injury occurred." *Rivera*, 301 Mich App at 193. "When the delay is less than 18 months, the defendant must prove that he or she suffered prejudice." *Id*. The clock "runs from the date of the defendant's arrest." *Williams*, 475 Mich at 261.

Defendant has not established a violation of his right to a speedy trial. Defendant was arrested on January 27, 2015, and the first day of trial was February 16, 2016. Defendant is not entitled to a presumption of prejudice because the pretrial period was only 12½ months.

The delay was due, in part, to defendant's own actions. On September 21, 2015, defendant's first appointed attorney withdrew because defendant "filed a grievance" against him. Once defendant received new appointed counsel, there was further delay while the parties attempted to negotiate a plea deal. Additionally, replacement counsel was not available on the originally scheduled trial date of December 7, 2015, requiring delay until February 2016. Part of the delay was not caused by defendant, but by his codefendant Brown. Specifically, the court required time to determine whether Brown was competent to stand trial. Once Brown was deemed incompetent, the court severed defendant's trial. However, this delay was not the fault of either the court or the prosecutor and cannot be counted against the state.

Moreover, defendant makes no claim that he was prejudiced by the delay. And counsel *did* raise an objection on this ground. At a hearing on November 10, 2015, defense counsel raised defendant's concern that there was a violation of the 180-day rule requiring dismissal of his case. The trial court denied defendant's claim on the merits. Any further objection would

have been futile and counsel could not be found ineffective for failing to pursue it. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).[3]

## VII. IDENTIFICATION EVIDENCE

Defendant also contends in his in pro brief that the eyewitness identifications were tainted and should have been excluded from evidence. In this regard, defendant asserts that he was the only individual in the lineup with tattoos, setting him apart from everyone else. Defendant claims that this difference was prejudicial because the eyewitnesses selected him despite that neither mentioned seeing tattoos on the suspect. Defendant failed to preserve this issue by objecting in the lower court. *People v McCray*, 245 Mich App 631, 638; 630 NW2d 633 (2001).[4] While our review would generally be for clear error, *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993), defendant's failure to object limits us to plain-error review, *McCray*, 245 Mich at 638.

To merit relief, "a defendant must show that the pretrial identification procedure was so suggestive in light of the totality of the circumstances that it led to a substantial likelihood of misidentification." *Kurylczyk*, 443 Mich at 302. "If the trial court finds that the pretrial procedure was impermissibly suggestive, testimony concerning that identification is inadmissible at trial." *Id*. at 303. "Physical differences among the lineup participants do not necessarily render the procedure defective and are significant only to the extent that they are apparent to the witness and substantially distinguish the defendant from the other lineup participants." *People v Hornsby*, 251 Mich App 462, 466; 650 NW2d 700 (2002). Any physical differences between the defendant and other participants in the identification procedure will go to the weight of the evidence, as opposed to its admissibility. *Id*. Factors to consider when determining the likelihood of misidentification include:

> "[T]he opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." [*Kurylczyk*, 443 Mich at 306, quoting *Neil v Biggers*, 409 US 188, 199-200; 93 S Ct 375; 34 L Ed 2d 401 (1972).]

---

[3] In the statement of questions presented, defendant also contends that counsel was ineffective for failing to investigate and produce alibi witnesses. He abandons this issue by failing to make any argument in this regard in his appellate brief. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Defendant similarly abandoned any challenge to counsel's waiver of defendant's right to a jury trial by merely citing relevant caselaw and establishing no factual predicate for the claim.

[4] At trial, defense counsel attacked the credibility of the eyewitness identifications by eliciting testimony that defendant was still wearing the yellow shirt he was arrested in and was the only person in the lineup wearing that color.

The two eyewitnesses were able to closely observe defendant on the night in question as each had close encounters with him.  Defendant stood close to Johnson as he forced Johnson at gunpoint to leave the gas station convenience store.  Defendant then hit Johnson several times with his gun, again standing in close proximity to the victim.   Evidence established that the outside area where defendant assaulted Johnson was well lit.  Under these conditions, Johnson was able to focus carefully and almost exclusively on defendant.  Glasper was also able to closely observe defendant as he and Brown walked directly toward her.

The witnesses described defendant as a tall African-American man with "puffed up" hair, wearing a yellow shirt and riding in a black Monte Carlo with a plastic covered window.  Defendant was located by police within an hour of Johnson's attack, wearing a yellow shirt and riding in a black Monte Carlo with a plastic covered window.  He is tall and had "puffed up" hair at that time.   The witnesses' descriptions appear accurate as they are complete strangers and yet they described the same assailant.   While Johnson testified that defendant's yellow shirt was striking during the lineup, Johnson insisted that he recognized defendant's face.  Further, there is no record indication that defendant's tattoos swayed either witness's identification.

Moreover, both eyewitnesses were certain regarding their identification.  And the lineup occurred less than 24 hours after Johnson's assault.  Overall, defendant has not established that the lineup procedure was so prejudicial as to warrant relief.

We affirm defendant's convictions.   We remand for correction of the judgment of sentence and to allow the trial court an opportunity to explain its imposition of court costs.  We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien

352337

| STATE OF MICHIGAN 3rd JUDICIAL CIRCUIT WAYNE COUNTY | CLAIM OF APPEAL AND ORDER APPOINTING COUNSEL | CASE NO. AND SUFFIX 15-1533      01 |
|---|---|---|

Court Address
1441 ST. ANTOINE, ROOM 917, DETROIT, MI 48226

Court Phone No.
(313) 224-6221

| People of THE STATE OF MICHIGAN | Date of Birth, Address, Inmate Number (if known) | 04/13/1991 |
|---|---|---|

V

| Defendant Name, Last | First | Middle |
|---|---|---|
| THOMAS-DAWSON | DONNIE | ANTHONY |

CHARLES EGELER RECEPTION & GUIDANCE CENTER        717185
3855 COOPER STREET

JACKSON, MI 49201-7518

| Offense Information | | | | | | Terms of Incarceration | | | | | | | | | Intermediate Sanctions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Minimum | | | Maximum | | | | | | Probation | | | | | | |
| Description | PACC Code | H | C | A | S | Y | M | D | Y | M | D | K | P | J | Y | M | D | R | F | O |
| ROBBERY/ARMED | 750.529 | | | | | 9 | | | 15 | | | | X | | | | | | | |
| WEAPONS/CARRYING CONCEALED | 750.227 | | | | | 1 | | | 5 | | | | X | | | | | | | |
| WEAPONS/FELONY FIREARM | 750.227B-A | | | | | 2 | | | 2 | | | X | X | | | | | | | |
| ASSAULT/W/I TO DO GBH LESS THAN MURDER | 750.84 | | | | | 2 | | | 10 | | | | X | | | | | | | |

H=Habitual C=Conspiracy A=Attempt S=Solicitation Y=Year M=Month D=Day K=Consecutive P=Prison J=Jail F=Fine O=Other

The defendant claims an appeal from a final judgment or order entered on 03/09/2016 in the 3rd Circuit Court, WAYNE County, Michigan by Judge SHANNON N. WALKER 62421. Copies of the final judgment or order being appealed and docket entries are attached for the Court of Appeals, appointed counsel, and Michigan Appellate Assigned Counsel System.

On 03/22/2016, the defendant filed a request for appointment of counsel and a declaration of indigency.

IT IS ORDERED:

ARTHUR H. LANDAU                                   P.O. BOX 7740

Name of Appellate Counsel                          Address

BLOOMFIELD HILLS, MI 48302                         248 948 0893                        16381

City, State, ZIP Code                              Telephone No.                       Bar No.

Is appointed counsel for the defendant in post-conviction proceedings. If appointed counsel can not or will not accept this appointment, he/she shall notify the court immediately. Copies of the final judgment or order being appealed and docket entries are attached for appointed counsel and Michigan Appellate Assigned Counsel System (MAACS).

The court reporter(s)/recorder(s) shall file with the trial court clerk the transcripts checked below and any other transcripts requested by counsel in this case not previously transcribed. Transcripts shall be filed within 28 days for pleas or 91 days for trials from the date ordered or requested [MCR 7.20(B)]. Reporter(s)/recorder(s) shall be paid as provided by law.

| Transcripts Ordered | Reporter/Recorder Name | Other Description | Previously Ordered | Filed | Reporter Number | Date(s) of Proceeding |
|---|---|---|---|---|---|---|
| ARRAIGNMENT | GARY COURY | | | | 3827 | 03/02/2015 |
| FINAL CONFERENCE | ZELDA RELEFORD | | | | 4897 | 04/20/2015 |
| FINAL CONFERENCE | GARY COURY | | | | 3827 | 05/08/2015 |
| FINAL CONFERENCE | GARY COURY | | | | 3827 | 05/26/2015 |
| PRETRIAL | GARY COURY | | | | 3827 | 06/16/2015 |
| PRETRIAL | GARY COURY | | | | 3827 | 06/26/2015 |
| PRETRIAL | GARY COURY | | | | 3827 | 07/13/2015 |
| PRETRIAL | GARY COURY | | | | 3827 | 08/31/2015 |
| PRETRIAL | GARY COURY | | | | 3827 | 09/21/2015 |
| PRETRIAL | GARY COURY | | | | 3827 | 10/21/2015 |
| PRETRIAL | EILEEN HIGER | | | | 5018 | 11/04/2015 |
| PRETRIAL | GARY COURY | | | | 3827 | 11/10/2015 |
| PRETRIAL | GARY COURY | | | | 3827 | 12/07/2015 |
| BENCH TRIAL | GARY COURY | | | | 3827 | 02/16/2016 |

CC403 (3/13)                           Page 1 of 2                    MCR 6.425(G), MCR 6.433, MCR 7.210(B)(3)

| BENCH TRIAL | GARY COURY | | | | 3827 | 02/22/2016 |
| SENTENCE | GARY COURY | | | | 3827 | 03/09/2016 |

The clerk shall immediately send to counsel a copy of the transcripts ordered above or requested by counsel as they become available.  The clerk shall forward documents upon request by counsel [MCR 6.433].

3/24/2016
_____
Date

*Robert J. Colombo Jr.*

ROBERT J. COLOMBO, JR.
Judge

25806
Bar No.

## CERTIFICATE OF MAILING

I certify that on this date I mailed a copy of this claim of appeal to appointed counsel,defendant,court reporter(s)/recorder(s), prosecutor, Court of Appeals, and the Michigan Appellate Assigned Cousel System (MAACS). I also mailed a copy of the final judgment  or order being appealed and the docket entries to appointed counsel, the Court of Appeals, and MAACS. I also mailed a copy of the defendant's request for appointment of counsel to appointed counsel, the prosecutor, and MAACS

3/24/2016
_____
Date

_____
Signature

Approved, SCAO

Original - Trial court
1st copy - Prosecutor
2nd copy - Defendant/Juvenile for return
3rd copy - Defendant/Juvenile

| STATE OF MICHIGAN<br>JUDICIAL CIRCUIT<br>COUNTY | NOTICE OF RIGHT TO APPELLATE REVIEW<br>AND REQUEST FOR<br>APPOINTMENT OF ATTORNEY | CASE NO.<br>15-001533 01-FC<br>Judge: Shannon Walker<br>Bar NO. 62421 |
|---|---|---|

Court address _____ Court telephone no.

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant's/Juvenile's name, address, and telephone no.<br>Donnie Thomas-Dawson<br>11140 Morang Detroit, MI 48224 |
|---|---|---|

**NOTICE OF RIGHT TO APPELLATE REVIEW** Note to court: This notice must be given to the defendant/juvenile at sentencing.

1. You are entitled to appellate review of your conviction and sentence. This is done by filing a claim of appeal by right, or when you are not entitled to file a claim of appeal by right, an application for leave to appeal. If you pled guilty or nolo contendere, an appeal must be done by filing an application for leave to appeal.

2. Whether you appeal by right or apply for leave to appeal, if you cannot afford to hire an attorney to represent you on appeal and you request an attorney, the court will appoint an attorney and furnish the attorney with the portions of the transcript and record that the attorney needs.

3. A request for the appointment of an attorney must be made in writing and sent directly to the court at the address noted above within 42 days. The financial schedule on the back of this form must be completed.

**RECEIPT OF NOTICE OF APPEAL RIGHTS**

On this day I received this form and financial schedule. I understand that I must return the completed Request for Appointment of Attorney to the court within 42 days if I want an attorney appointed for my appeal.

3-14-16
Date

_Donnie Thomas - Dawson_
Signature of defendant/juvenile

**REQUEST FOR APPOINTMENT OF ATTORNEY AND AFFIDAVIT OF INDIGENCY**

I request appointment of an attorney to appeal my conviction. If applicable, conditions for my request are on the back of this form. The affidavit of indigency and financial schedule on the back of this form is submitted to show my financial condition.

3-14-16
Date

**MAR 2 2 2016**

_Donnie Thomas - Dawson_
Signature of defendant/juvenile

NOTE TO DEFENDANT/JUVENILE: After completing the request for appointment of attorney and the affidavit of indigency and financial schedule, keep one copy for yourself and return the other copy to the court.

**NOTE**: To properly start an appeal and request counsel, you must fill out the Receipt of Notice of Appeal Rights and the Request for Appointment of Attorney, above, as well as the Affidavit on the back. This form must be received by the court within 42 days of entry of the judgment of sentence.

MCR 6.425(F)

**CC 265** (3/14) **NOTICE OF RIGHT TO APPELLATE REVIEW AND REQUEST FOR APPOINTMENT OF ATTORNEY**

THIRD JUDICIAL CIRCUIT OF MICHIGAN

# REGISTER OF ACTIONS
## CASE NO. 15-001533-01-FC

| State of Michigan v Donnie Anthony Thomas-Dawson | § | | |
|---|---|---|---|
| | § | Location: | **Criminal Division** |
| | § | Judicial Officer: | **Walker, Shannon** |
| | § | Filed on: | **02/23/2015** |
| | § | Case Number History: | **15055720-01** |
| | § | | **15702099-01** |
| | § | Case Tracking Number: | **15702099-01** |
| | § | CRISNET/Incident No.: | **1501270017** |

---

### CASE INFORMATION

| Offense | Deg | Date | Case Type: | **Capital Felonies** |
|---|---|---|---|---|
| 1. Robbery - Armed | . | 01/27/2015 | | |

    Arrest:    01/27/2015    DPCAT - Detroit Pd Com Auto Theft

2. Assault With a Dangerous Weapon(Felonious     .    01/27/2015
    Assault)
    Arrest:    01/27/2015    DPCAT - Detroit Pd Com Auto Theft

3. Assault With a Dangerous Weapon(Felonious     .    01/27/2015
    Assault)
    Arrest:    01/27/2015    DPCAT - Detroit Pd Com Auto Theft

4. Weapons - Carrying Concealed     .    01/27/2015
    Arrest:    01/27/2015    DPCAT - Detroit Pd Com Auto Theft

5. Weapons Felony Firearm     .    01/27/2015
    Arrest:    01/27/2015    DPCAT - Detroit Pd Com Auto Theft

6. Assault With Intent to Murder     .    03/02/2015

7. Assault With Intent to Do Great Bodily Harm less     .    01/29/2015
    Than Murder
    Arrest:    01/29/2015    DPCAT - Detroit Pd Com Auto Theft

Case Status: **03/09/2016 Final**

Case Flags: **Interpreter**
*Arabic Interpreter: APA - witness. Interpreter, Richard Sorisho, 248.904.0218.*
**Case has PDF PE Electronic Transcripts**

**Related Cases**
15-001533-02-FC (Co Defendant)

**Statistical Closures**
02/22/2016    Bench Verdict

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **State of Michigan** | **Taratuta, Stephen M.**<br>(313) 224-5770(W) |
| **Defendant** | **Thomas-Dawson, Donnie Anthony**<br>*Black  Male* | **Diallo, Lillian F.**<br>*Court Appointed*<br>(313) 965-6633(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 01/29/2015 | **Arraignment on Warrant** (Judicial Officer: Holmes, Shannon)<br>*Defendant Stands Mute; Plea Of Not Guilty Entered By Court* | |
| 01/29/2015 | Recommendation for Warrant | |
| 01/29/2015 | **Plea** (Judicial Officer: Holmes, Shannon)<br>   1. Robbery - Armed<br>      Defendant Stand Mute: Plea of Not Guilty Entered by Court | |
| 01/29/2015 | **Plea** (Judicial Officer: Holmes, Shannon)<br>   2. Assault With a Dangerous Weapon(Felonious Assault)<br>      Defendant Stand Mute: Plea of Not Guilty Entered by Court | |
| 01/29/2015 | **Plea** (Judicial Officer: Holmes, Shannon)<br>   3. Assault With a Dangerous Weapon(Felonious Assault) | |

*Printed on 03/23/2016 at 2:46 PM*

# REGISTER OF ACTIONS
## CASE NO. 15-001533-01-FC

|  | Defendant Stand Mute: Plea of Not Guilty Entered by Court |
|---|---|

01/29/2015    **Plea** (Judicial Officer: Holmes, Shannon)
     4. Weapons - Carrying Concealed
       Defendant Stand Mute: Plea of Not Guilty Entered by Court

01/29/2015    **Plea** (Judicial Officer: Holmes, Shannon)
     5. Weapons Felony Firearm
       Defendant Stand Mute: Plea of Not Guilty Entered by Court

01/29/2015    **Plea** (Judicial Officer: Holmes, Shannon)
     7. Assault With Intent to Do Great Bodily Harm less Than Murder
       Defendant Stand Mute: Plea of Not Guilty Entered by Court

01/29/2015    Warrant Signed

02/05/2015    **Pre Exam Hearing** (Judicial Officer: King, Kenneth J)
     *Held*

02/11/2015    **Preliminary Examination** (Judicial Officer: King, Kenneth J)
     *Held*

02/12/2015    **Preliminary Examination** (Judicial Officer: King, Kenneth J)
     *Held*

02/23/2015    **Preliminary Examination** (Judicial Officer: King, Kenneth J)
     *Held: Bound Over*

02/23/2015    Bound Over

02/23/2015    **Interim Condition for Thomas-Dawson, Donnie Anthony** (Judicial Officer: Judge, District Court)
     - Cash or Surety
       $200,000.00

03/02/2015    **Arraignment On Information** (Judicial Officer: Walker, Shannon)
     Resource: Court Rpt/Rec 3827 Coury, Gary
     Resource: Courtroom Clerk C5928 Cook, Tina
     *Held*

   03/02/2015    AOI Plea (Judicial Officer: Walker, Shannon )
     *Defendant Stand Mute: Plea of Not Guilty Entered by Court*

03/02/2015    **Disposition Conference** (Judicial Officer: Walker, Shannon)
     Resource: Court Rpt/Rec 3827 Coury, Gary
     Resource: Courtroom Clerk C5928 Cook, Tina
     *Held*

03/02/2015    **Calendar Conference** (Judicial Officer: Walker, Shannon)
     Resource: Court Rpt/Rec 3827 Coury, Gary
     Resource: Courtroom Clerk C5928 Cook, Tina
     *Held*

   03/02/2015    Bond (Judicial Officer: Walker, Shannon )
     *Reduction H/Denied*

03/02/2015    Scheduled AOI

03/03/2015    Order For Production Of Exam Transcript Signed and Filed

THIRD JUDICIAL CIRCUIT OF MICHIGAN

# REGISTER OF ACTIONS
## CASE NO. 15-001533-01-FC

*Shari Morton, 2/12/15, 2/23/15 E\* Cap Case*

|  |  |  |
|---|---|---|
| 04/29/2015 | 📄 PE PDF Transcript, filed | Vol./Book 2 102 pages |
|  | *Reporter: Shari Morton, 2/12/15, 2/23/15 E\* Cap Case* |  |

04/20/2015     **Final Conference** (Judicial Officer: Walker, Shannon)
       Resource: Court Rpt/Rec 4897 Harris-Releford, Zelda S
       Resource: Courtroom Clerk C5928 Cook, Tina
       *Adjourned at the Request of the Defense*

05/08/2015     **Final Conference** (Judicial Officer: Walker, Shannon)
       Resource: Court Rpt/Rec 3827 Coury, Gary
       Resource: Courtroom Clerk C5928 Cook, Tina
       *Adjourned at the Request of the Prosecutor*

05/26/2015     **Final Conference** (Judicial Officer: Walker, Shannon)
       Resource: Court Rpt/Rec 3827 Coury, Gary
       Resource: Courtroom Clerk C5928 Cook, Tina
       *Held*

05/27/2015     *CANCELED* **Pre-Trial**
       *Adjourned:At The Request Of The Court*

06/16/2015     **Pre-Trial** (Judicial Officer: Walker, Shannon)
       Resource: Court Rpt/Rec 3827 Coury, Gary
       Resource: Courtroom Clerk C5928 Cook, Tina
       *In Progress*

06/16/2015     Motion
       *404B H/Denied*

06/22/2015     Motion
       *Defendant's Motion to Consolidate*

06/26/2015     **Pre-Trial** (Judicial Officer: Walker, Shannon)
       Resource: Court Rpt/Rec 3827 Coury, Gary
       Resource: Courtroom Clerk C6009 Frederick, Phillip
       Resource: Court Rpt/Rec 3827 Coury, Gary
       *Adjourned at the Request of the Defense*

07/13/2015     **Pre-Trial** (Judicial Officer: Walker, Shannon)
       Resource: Court Rpt/Rec 3827 Coury, Gary
       Resource: Courtroom Clerk C5928 Cook, Tina
       *In Progress*

08/12/2015     *CANCELED* **Jury Trial**
       *Adjourned:At The Request Of The Court*

08/31/2015     **Pre-Trial** (Judicial Officer: Walker, Shannon)
       Resource: Court Rpt/Rec 3827 Coury, Gary
       Resource: Courtroom Clerk C5928 Cook, Tina
       *In Progress*

08/31/2015     Attorney Stand In

THIRD JUDICIAL CIRCUIT OF MICHIGAN

# REGISTER OF ACTIONS
## CASE NO. 15-001533-01-FC

Kimberly Lewis

| | | |
|---|---|---|
| 09/01/2015 | *CANCELED* **Pre-Trial** | |
| | *Adjourned at the Request of the Defense* | |

09/21/2015     **Pre-Trial** (Judicial Officer: Walker, Shannon)
           Resource: Court Rpt/Rec 3827 Coury, Gary
           Resource: Courtroom Clerk C5928 Cook, Tina
           *In Progress*

    09/21/2015       Motion To Withdraw As Attorney
                  *H/Granted - Mark Brown, esq.*

    09/21/2015       Attorney Appointed

10/21/2015     **Pre-Trial** (Judicial Officer: Walker, Shannon)
           Resource: Court Rpt/Rec 3827 Coury, Gary
           Resource: Courtroom Clerk C5928 Cook, Tina
           *Held*

11/04/2015     **Pre-Trial** (Judicial Officer: Walker, Shannon)
           Resource: Court Rpt/Rec 5018 Higer, Eileen
           Resource: Courtroom Clerk C5928 Cook, Tina
           *In Progress*

11/10/2015     **Pre-Trial** (Judicial Officer: Walker, Shannon)
           Resource: Court Rpt/Rec 3827 Coury, Gary
           Resource: Courtroom Clerk C5928 Cook, Tina
           *Held*

    11/10/2015       Motion To Consolidate
                  *w/ 15-1230 H/Denied*

    11/10/2015       Motion to Dismiss
                  *w/ 180 day rule H/Denied*

12/07/2015     **Pre-Trial** (Judicial Officer: Walker, Shannon)
           Resource: Court Rpt/Rec 3827 Coury, Gary
           Resource: Courtroom Clerk C5928 Cook, Tina
           *Held*

02/16/2016     **Bench Trial** (Judicial Officer: Walker, Shannon)
           Resource: Court Rpt/Rec 3827 Coury, Gary
           Resource: Courtroom Clerk C5928 Cook, Tina
           *12/07/2015*      *Reset by Court to 02/16/2016*
           *In Progress*

    02/16/2016       Motion For A Directed Verdict Of Not Guilty
                  *H/Denied*

02/22/2016     **Bench Trial in Progress** (Judicial Officer: Walker, Shannon)
           Resource: Court Rpt/Rec 3827 Coury, Gary
           Resource: Courtroom Clerk 6034C Reed, Alysia
           *Held*

    02/22/2016       Order For DNA Sample

*Printed on 03/23/2016 at 2:46 PM*

# REGISTER OF ACTIONS
## CASE NO. 15-001533-01-FC

| | |
|---|---|
| 02/22/2016 | Refer to Probation For Pre-Sentence Report |
| 02/22/2016 | Found Guilty by Bench Trial<br>*Found guilty on Counts 1, 4, 5, 7. Not guilty on Counts 2, 3, 6.* |
| 02/22/2016 | **Disposition** (Judicial Officer: Walker, Shannon)<br>1. Robbery - Armed<br>  Found Guilty by Bench<br>2. Assault With a Dangerous Weapon(Felonious Assault)<br>  Not Guilty by Bench<br>3. Assault With a Dangerous Weapon(Felonious Assault)<br>  Not Guilty by Bench<br>4. Weapons - Carrying Concealed<br>  Found Guilty by Bench<br>5. Weapons Felony Firearm<br>  Found Guilty by Bench<br>7. Assault With Intent to Do Great Bodily Harm less Than Murder<br>  Found Guilty by Bench<br>6. Assault With Intent to Murder<br>  Not Guilty by Bench |
| 02/22/2016 | **Interim Condition for Thomas-Dawson, Donnie Anthony** (Judicial Officer: Walker, Shannon)<br>- Remand |
| 03/09/2016 | **Sentencing** (Judicial Officer: Walker, Shannon)<br>Resource: Court Rpt/Rec 3827 Coury, Gary<br>Resource: Courtroom Clerk 6034C Reed, Alysia<br>*Sentenced* |
| 03/09/2016 | Sentenced to Prison<br>*Count 1: 9-15 years; Count 2: 1-5 years; Count 3: 2 years; Count 4: 2-10 years; Counts 1, 2<br>& 4 are concurrent and Count 3 is consecutive.* |
| 03/09/2016 | Order (Judicial Officer: Walker, Shannon )<br>*Judgement of Sentence Commitment to Department of Corrections. Order to Remit Prisoner<br>Funds for Fines, Costs and Assesments.* |
| 03/09/2016 | Notice By Court To Defendant As To Right Of Appeal |

03/09/2016    **Sentence** (Judicial Officer: Walker, Shannon)
     5. Weapons Felony Firearm
       Prison Sentence
       Fee Totals:

| | |
|---|---|
| - Crime Victims Fee - (FEL) | 130.00 |
| - State Minimum Cost (FEL) | 204.00 |
| Attorney Fees | 400.00 |
| Court Costs | 600.00 |
| Fee Totals $ | 1,334.00 |

       State Confinement:
         Agency: Michigan Department of Corrections
         Effective 03/09/2016
         Term: 2 Yr to 2 Yr
         Credit for Time Served: 402 Days

03/09/2016    **Sentence** (Judicial Officer: Walker, Shannon)
     1. Robbery - Armed
       Prison Sentence

THIRD JUDICIAL CIRCUIT OF MICHIGAN

# REGISTER OF ACTIONS
## CASE NO. 15-001533-01-FC

|  |  |
|---|---|
|  | State Confinement:<br>    Agency: Michigan Department of Corrections<br>    Effective 03/09/2016<br>    Term: 9 Yr to 15 Yr |
| 03/09/2016 | **Sentence** (Judicial Officer: Walker, Shannon)<br>    4.  Weapons - Carrying Concealed<br>        Prison Sentence<br>        State Confinement:<br>            Agency: Michigan Department of Corrections<br>            Effective 03/09/2016<br>            Term: 1 Yr to 5 Yr |
| 03/09/2016 | **Sentence** (Judicial Officer: Walker, Shannon)<br>    7.  Assault With Intent to Do Great Bodily Harm less Than Murder<br>        Prison Sentence<br>        State Confinement:<br>            Agency: Michigan Department of Corrections<br>            Effective 03/09/2016<br>            Term: 2 Yr to 10 Yr |

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
|  | **Defendant**  Thomas-Dawson, Donnie Anthony<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of  3/23/2016** | | 1,334.00<br>0.00<br>**1,334.00** |
| 03/09/2016 | Charge | Defendant Thomas-Dawson, Donnie Anthony | 1,334.00 |

*Printed on 03/23/2016 at 2:46 PM*

Original Court
copy- Corrections
copy- Corrections (for return)

3rd copy – Michigan State Police CJIC
4th copy – Defendant
5th copy - Prosecutor

Approved, SCAO     Original – Court

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | JUDGMENT OF SENTENCE COMMITMENT TO DEPARTMENT OF CORRECTIONS ☐ Amended | CASE NO. 15-001533-01-FC |
|---|---|---|

| ORI MI – 821095J | Court Address | 1441 St. Antoine, Detroit, MI 48226 | Courtroom 703 | Court Telephone No. 313-224-5237 |
|---|---|---|---|---|

Police Report No.

THE PEOPLE OF THE STATE OF MICHIGAN

v

Defendant name, address, and telephone no.
Donnie Anthony Thomas-Dawson
Alias(es) -
11140 Morang Detroit, MI 48224

| CTN/TCN 15702099-01 | SID | DOB 04/13/1991 |
|---|---|---|

Prosecuting attorney name     Bar no.
Stephen M. Taratuta     46935

Defendant attorney name     Bar no.
Lillian F. Diallo     52036

**THE COURT FINDS:**
1. The defendant was found guilty on 02/22/2016 of the crime(s) stated below:

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE (S) MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | Pleas* | Court | Jury | | | |
| 1 | | G | | | Robbery Armed | 750.529 |
| 2 | | G | | | Weapons-Carring Concealed | 750.227 |
| 3 | | G | | | Weapons-Felony Firearm | 750.227B-A |
| 4 | | G | | | Assaultw/Int GBH Less than Murder | 750.84 |

*Insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill, "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).
☐ 3. HIV testing and sex offender registration are completed.     Defendant's driver license number
☐ 4. The defendant has been fingerprinted according to MCL 28.243.
☐ 5. A DNA sample is already on file with the Michigan State Police from a previous case. No assessment is required.

**IT IS ORDERED:**
☐ 6. Probation is revoked.
7. Participating in a special alternative incarceration unit is ☐ prohibited. ☐ permitted.
8. Defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | Days | | Mos. | Days | |
| 1 | 03/09/2016 | 9 | 0 | 0 | 15 | 0 | 0 | 03/09/2016 | 0 | 0 | |
| 2 | 03/09/2016 | 1 | 0 | 0 | 5 | 0 | 0 | 03/09/2016 | 0 | 0 | |
| 3 | 03/09/2016 | 0 | 0 | 0 | 2 | 0 | 0 | 03/09/2016 | 0 | 405 | |
| 4 | 03/09/2016 | 2 | 0 | 0 | 10 | 0 | 0 | 03/09/2016 | 0 | 0 | |

☐ 9. Sentence(s) to be served consecutively to: (if this item is not checked, the sentence is concurrent)
☐ each other. ☐ case numbers _____

10. The Defendant shall pay:

| State Minimum | Crime Victim | Restitution | DNA Assess. | Court Costs | Attorney Fees | Fine | Other Costs | Total |
|---|---|---|---|---|---|---|---|---|
| $ 68.00 x 3=204 | $ 130 | $ 0 | $0 | $ 600 | $ 400 | $ 0 | $ 0 | $ 1334 |

The due date for payment is _____. Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

11. The concealed weapon board shall ☐ suspend for ☐ days ☐ permanently revoke the concealed weapon license, permit number _____ issued by _____ County.

☐12. The defendant is subject to lifetime monitoring pursuant to MCL 750.520n.

13. **Court recommendation: CTS 1, 2, and 4 are concurrent. CTS 3 is consecutive to all others.**

03/09/2016     Judge Shannon Walker     62421
Date     Bar no.

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by the department.

(SEAL)

Deputy court clerk

MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22, MCL 780.766 MCR 6.427

CC 219b-3CC – (6/15) JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS

*Arthur H. Landau*
*Attorney at Law*
P.O. BOX 7740
BLOOMFIELD HILLS, MI 48302

(248) 948-0893

July 18, 2016

Clerk of the Court
Court of Appeals
Cadillac Place
3020 West Grand Blvd., Suite 14-300
Detroit, MI 48202-6020

Re: People v Donnie Anthony Thomas-Dawson
    Court of Appeals No. 332339
    Lower Court No. 15-001533 FC

Dear Clerk of the Court:

    Enclosed herewith please find an original and four (4) copies of Defendant-Appellant's Motion to Show Cause Court Reporter in the above-entitled matter. Please file same with the Court of Appeals in your customary manner.

    Thank you for your cooperation.

                    Very truly yours,

                    Arthur H. Landau

HOME UR.

# STATE OF MICHIGAN

# IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

<table>
<tr><td>Plaintiff-Appellee,</td><td>Court of Appeals<br>No. 332339</td></tr>
<tr><td>vs.</td><td></td></tr>
<tr><td>DONNIE ANTHONY THOMAS-DAWSON,</td><td>Lower Court<br>No. 15-001533 FC</td></tr>
<tr><td>Defendant-Appellant.</td><td></td></tr>
</table>

------------------------------------------------------------/

Wayne County Prosecutor
Attorney for Plaintiff
-----------------------------------------------------------

Arthur H. Landau   (P16381)
Attorney for Defendant
P.O.Box 7740
Bloomfield Hills, MI 48302
(248) 948-0893
-----------------------------------------------------------

## MOTION TO SHOW CAUSE COURT REPORTER

Now Comes Defendant, Donnie Anthony Thomas-Dawson, by and through his attorney, Arthur H. Landau, and in support of his Motion to Show Cause Court-Reporter, GARY COURY, pursuant to MCR 7.210(B)(3)(b) and MCR 7.210(B)(3)(f), says unto this Honorable Court as follows:

1.     The defendant was found guilty on February 22, 2016, after a bench trial, of robbery armed, felony firearm and assault with intent to do great bodily harm less than murder and was sentenced on March 9, 2016.

2. On March 22, 2016 defendant requested the appointment of appellate counsel and on March 24, 2016, Wayne County Circuit Court appointed appellate counsel on behalf of defendant.

3. According to the Order of Appointment and MCR 7.210(B), Gary Coury, the court-reporter, had 91 days from March 24, 2016 to file the transcripts in this matter. Mr. Coury was responsible for filing 14 transcripts of proceedings for which

he was the court-reporter.

4. On or about June 27, 2016 the Court of Appeals sent Mr. Coury a notice that these transcripts were overdue. Mr. Coury apparently failed to respond to that notice.

5. On July 7, 2016 present appellate counsel had a telephone conference with Mr. Coury seeking to find out when he would file the transcripts. He said he was going to file three transcripts, but refused to tell appellate counsel when the remaining transcripts would be filed.

6. Mr. Coury has still not filed at least 11 transcripts that he was obligated to file, regardless of the overdue notice from the Court, my conversation with him and conversation/s the appellate division of Wayne County Circuit Court said they would have with him regarding the filing of the transcripts.

7. That Gary Coury has failed, refused and/or neglected to file the transcripts as ordered by the Court and as required by court-rule.

8. That appellate counsel is being prevented from filing an appeal on behalf of defendant with the Court of Appeals because of Mr. Coury's failure to file the transcripts in this matter.

WHEREFORE, Defendant-Appellant, Donnie Anthony Thomas-Dawson, through his attorney, Arthur H. Landau, respectfully requests that Gary Coury, court-reporter, show cause why he should not be held in contempt of Court for failure to file the transcripts in this matter.

Respectfully submitted,

Arthur H. Landau   (P16381)
Attorney for Defendant
P.O. Box 7740
Bloomfield Hills, MI 48302
(248) 948-0893

Dated: July 18, 2016

## PROOF OF SERVICE

Arthur H. Landau hereby certifies that on July 18, 2016, he served  true copies

of the attached Motion to Show Cause Court Reporter upon Gary Coury, Frank Murphy Hall of Justice, 1441 St. Antoine, Courtroom 703, Detroit, Michigan 48226 and upon Richard Josephs, Supervisor of Court Reporters, in Room 917, Frank Murphy Hall of Justice, 1441 St. Antoine, Detroit, MI 48226 and the Wayne County Prosecutor's Office, 12th Floor, 1441 St. Antoine, Detroit, MI 48226 by placing same in envelopes, clearly addressed, and by placing said envelopes in the United States Mail with first-class postage fully prepaid thereon.

I declare that the statements above are true to the best of my information, knowledge and belief.

Arthur H. Landau

STATE OF MICHIGAN

IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

vs.

DONNIE ANTHONY THOMAS-DAWSON,

      Defendant-Appellant.

_____/

Court of Appeals
No. 332339

Lower Court
No. 15-1533

**BRIEF OF DEFENDANT-APPELLANT**

\*   \*   \*

**ORAL ARGUMENT REQUESTED**

Arthur H. Landau (P16381)
Attorney for Defendant-Appellant
P.O. Box 7740
Bloomfield Hills, MI 48302
(248) 948-0893

# TABLE OF CONTENTS

**PAGE(S)**

Index to Authorities............................................................................ iv

Statement of the Basis of Jurisdiction of the Court of Appeals........................... v

Statement of Issues Involved............................................................... vi

Statement of Facts............................................................................. 1

Argument I

    Applicable Standard of Review      5

    HAS THE PROSECUTION FAILED TO PRESENT SUFFICIENT
    EVIDENCE TO SUPPORT A CONVICTION FOR CARRYING A
    CONCEALED WEAPON?      5

Argument II

    Applicable Standard of Review      7

    MUST THIS MATTER BE REMANDED TO THE TRIAL
    COURT FOR RESENTENCING AND FOR CORRECTION
    OF THE JUDGMENT OF SENTENCE TO REFLECT THAT
    DEFENDANT'S SENTENCE FOR FELONY FIREARM IS ONLY
    CONSECUTIVE TO HIS SENTENCE FOR ARMED ROBBERY,
    WHICH WAS THE OFFENSE DURING WHICH DEFENDANT
    POSSESSED A FIREARM?      7

Argument III

    Applicable Standard of Review      9

    DID THE TRIAL COURT ABUSE ITS DISCRETION IN IMPOSING
    EXCESSIVE COURT COSTS ON DEFENDANT AT SENTENCING
    WHICH WERE UNRELATED TO THE CIRCUMSTANCES OF THE
    CASE AND FOR WHICH NO REASON WAS ARTICULATED ON
    THE RECORD?      9

Argument IV

    Applicable Standard of Review        11

    DID THE TRIAL COURT ERR IN REQUIRING DEFENDANT
    TO PAY ATTORNEY FEES WITHOUT FIRST ASSESSING HIS
    ABILITY TO PAY?        11

Relief Requested...............................................................................................    13

Proof of Service

## INDEX TO AUTHORITIES CITED

**CASES**                                                              **PAGE(S)**

People v Clark, 463 Mich 459, 463-464 (2000)                              7

People v Cunningham, 496 Mich 145 (2014)                                  9

People v Garcia, 398 Mich 250 (1976)                                      5

People v Hampton, 407 Mich 354, 366; 285 NW2d 284 (1979)
   cert den 449 US 885 (1980)                               5

People v Houstina, 216 Mich App 70 (1996)                                7

People v Jackson, 483 Mich 271, 277 (2009)                              11, 12

People v Konopka, decided March 3, 2015 (Court of Appeals No. 319913)    9, 10

People v Lueth, 253 Mich App 670 (2002)                                  5

People v Sanders (After Remand) 298 Mich App 105 (2012)                 9, 10

People v Swafford, 483 Mich 1 (2009)                                     7

People v Wallace, 284 Mich App 467 (2009)                                9

People v Wolfe, 440 Mich 508, 513-514 (1992)                             5

People v Wyatt, 470 Mich 878 (2004)                                      8


**Other Authorities:**

MCL 750.227                                                              6

MCL 769.1                                                               10

MCL 769.1k                                                             11, 12

MCL 769.1k(1)(b)(iii)                                                   10

Michigan Criminal Jury Instruction 11.1                                 5

## STATEMENT OF THE BASIS OF JURISDICTION
## OF THE COURT OF APPEALS

1.    Defendant was convicted after a bench trial on February 22, 2016, and was sentenced on March 9, 2016.

2.    Defendant requested the appointment of appellate counsel on March 22, 2016.

3.    Appellate counsel was appointed by Wayne County Circuit Court on March 24, 2016.

4.    The Court of Appeals has jurisdiction pursuant to MCR 7.203(A).

v

## STATEMENT OF ISSUES INVOLVED

### I

HAS THE PROSECUTION FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR CARRYING A CONCEALED WEAPON?

Defendant-Appellant contends that the answer is "Yes".

Plaintiff-Appellee contends that the answer is "No".

### II

MUST THIS MATTER BE REMANDED TO THE TRIAL COURT FOR RESENTENCING AND FOR CORRECTION OF THE JUDGMENT OF SENTENCE TO REFLECT THAT DEFENDANT'S SENTENCE FOR FELONY FIREARM IS ONLY CONSECUTIVE TO HIS SENTENCE FOR ARMED ROBBERY, WHICH WAS THE OFFENSE DURING WHICH DEFENDANT POSSESSED A FIREARM?

Defendant-Appellant contends that the answer is "Yes".

Plaintiff-Appellee contends that the answer is "No".

### III

DID THE TRIAL COURT ABUSE ITS DISCRETION IN IMPOSING EXCESSIVE COURT COSTS ON DEFENDANT AT SENTENCING WHICH WERE UNRELATED TO THE CIRCUMSTANCES OF THE CASE AND FOR WHICH NO REASON WAS ARTICULATED ON THE RECORD?

Defendant-Appellant contends that the answer is "Yes".

Plaintiff-Appellee contends that the answer is "No".

## **IV**

DID THE TRIAL COURT ERR IN REQUIRING DEFENDANT TO PAY ATTORNEY FEES

WITHOUT FIRST ASSESSING HIS ABILITY TO PAY?

Defendant-Appellant contends that the answer is "Yes".

Plaintiff-Appellee contends that the answer is "No".

## STATEMENT OF FACTS

In this matter, defendant was charged with armed robbery, assault with intent to murder, two count of felonious assault, one count of assault with intent to do great bodily harm, felony firearm, and carrying a concealed weapon (CCW). On February 16, 2016 defendant, represented by counsel, conducted a bench trial before the Honorable Shannon Nicol Walker, Wayne County Circuit Court Judge, on the aforementioned charges.

The first prosecution witness at trial was Gordon Johnson. Mr. Johnson testified that on January 27, 2015 at approximately 12:30 a.m. he was working at a Valero gas station on East Warren when two men came inside the station. He testified that defendant "put a gun to my side" and told him to walk out of the station. He testified that he looked down at the gun. He testified that defendant made him walk to the other guy who was at their vehicle. Mr. Johnson testified that defendant began hitting him in the face with the gun while the other man was hitting him with his fist. He testified that they took $20 or $30 from him and his "True Religion" coat. He testified that when the other man went back in the station, he swung at defendant and began to run away. He testified that defendant started shooting the gun towards him, but he never got hit by a bullet. (WT, 2-16-16, p. 10-17). He testified that he ran to another gas station and when he saw the police he came back to the Valero station. He testified that police officers took a statement from him and the next day he viewed a live lineup. Mr. Johnson testified that he picked defendant out of that lineup. (WT, 2-16-16, p. 27-28). Mr. Johnson testified his teeth were knocked out and there was blood. He testified that he was running away from the situation when the shooting started. (TT, 2-6-16, p. 39-40). He testified that his money and coat were taken. (TT, 2-6-16, p. 39-41). Mr. Johnson testified that his teeth were knocked out of his mouth and were laying on the ground. (TT, 2-6-16, p. 46-47).

1

He testified that he went to the hospital. (TT, 2-6-16, p. 48).

Mr. Johnson testified that defendant was 20 or 30 feet away when he started shooting at him. (WT, 2-16-16, p. 51).

The next prosecution witness was Mohammed Bin Rabed. Mr. Rabed testified that on January 27, 2015 he was employed at the Valero gas station on East Warren as a cashier behind glass. He testified that Gordon Johnson worked at the station that night and defendant came up to Mr. Johnson and they walked out of the store. He testified that he then heard screaming and the gun being shot. He then saw defendant and another man get into a car and take off at high speed. He testified that he called 9-1-1 and the police came. He testified that he saw Mr. Johnson again that night but "he was all bloody," his face was swollen and his teeth were broken. (WT, 2-16-16, p. 56-63).

The next prosecution witness was Breaun Glasper. Ms. Glasper testified that on January 27, 2015 at about 12:40 a.m. she was at a liquor store and while her vehicle was parked in the lot a black Monte Carlo with a busted window pulled up. This vehicle was previously identified. She testified there were two men in that car and one of them had a gun. She testified that defendant did not have a gun. She testified that she attended a live lineup on January 28, 2015 and identified defendant. (WT, 2-16-16, p. 73-79).

The next prosecution witness was Detroit Police Officer Maurice Alexander, who testified that on January 27, 2015 at about 12:30 a.m. he got a call of an armed robbery at that Valero Gas Station. He testified that he saw Mr. Johnson, who was scared and confused. (WT, 2-16-16, p. 83-84). He testified that he got a description of one of the assailants as being a black male with an Afro, approximately six feet, 170 pounds with tattoos around the neck area. (WT, 2-16-16, p. 87-88).

2

The next prosecution witness was Detroit Police Officer Raymond Diaz, who was an evidence technician. He testified that he came to the scene that evening and found five fired casings at different locations by the gas pumps and five packets of suspected marijuana. He also found several teeth and suspected blood. (WT, 2-16-16, p. 89-93). He testified that the victim had bruises and lacerations to the right side of his face and four missing teeth. (ST, 2-16-16, p. 96).

The next prosecution witness was Detroit Police Officer Trey Lyons. The officer testified that on January 27, 2015 at about 1:40 a.m. at 17046 Harper, he observed a vehicle that was wanted in a carjacking - that being a black Monte Carlo with plastic in the rear window, parked at a gas station. He testified that there were two people in the car, that being the defendant in the driver's seat and another person seated behind him. One of the men took off running, who was pursued by his partner. He recovered zanax pills and suspected marijuana from the defendant. (WT, 2-16-16, p. 102-106).

The prosecution then rested. (WT, 2-16-16, p. 115).

Defense counsel made a motion for directed verdict, which was denied. (WT, 2-16-16, p. 121). The defendant then rested. (WT, 2-16-16, p. 122).

On February 22, 2016 Judge Walker found defendant guilty of armed robbery, carrying a concealed weapon, felony firearm and assault with intent to do great bodily harm less than murder. (WT, 2-22-16, p. 11-12).

On March 9, 2016 defendant, represented by counsel, appeared before Judge Walker for sentencing and was sentenced to serve a term of incarceration as follows: (1) for armed robbery, 9 years to 15 years; (2) for assault with intent to commit great bodily harm, 2 years to 10 years; (3) for CCW, 1 year to 5 years, and (4) for felony firearm, 2 years, to precede and run consecutive to the

3

other three counts.  (ST, 3-9-16, p. 12-13).  The sentence guidelines were scored at 108 to 180 months.  (ST, 3-9-16, p. 9).

Judge Walker also assessed defendant $600 court costs and $400 attorney fees.  (ST, 3-9-16, p. 13).

4

## ARGUMENT I

THE PROSECUTION HAS FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR CARRYING A CONCEALED WEAPON.

### APPLICABLE STANDARD OF REVIEW

In People v Wolfe, 440 Mich 508, 513-514 (1992), the Michigan Supreme Court said:

> "In determining whether the prosecution has presented sufficient evidence to sustain a conviction, an appellate court is required to apply the standard adopted by this Court in People v Hampton, 407 Mich 354, 366; 285 NW2d 284 (1979), cert den 449 US 885 (1980). There, we stated that a reviewing court "must consider not whether there was any evidence to support the conviction but whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt."

Appellate courts review de novo whether the evidence was sufficient to support a conviction.

People v Lueth, 253 Mich App 670 (2002); Wolfe, supra. Appellate courts have applied the clearly erroneous standard in reviewing fact-findings at a bench trial. People v Garcia, 398 Mich 250 (1976).

### ARGUMENT

Michigan Criminal Jury Instruction 11.1, Carrying Concealed Weapon-Pistol, states:

> (1) The defendant is charged with the crime of carrying a concealed pistol. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

> (2) First, that the defendant knowingly carried a pistol. It does not matter why the defendant was carrying the pistol, but to be guilty of this crime the defendant must have known that [he/she] was carrying a pistol.

> (3) Second, that this pistol was concealed on or about the person of the defendant. Complete invisibility is not required. A pistol is concealed if it cannot easily be seen by those who come into ordinary contact with the defendant."

5

MCL 750.227 states: "A person shall not carry a pistol concealed on or about his or her person. . . "

In this matter, the victim, Gordon Johnson, testified that he was working at the Valero gas station on East Warren in Detroit when two men came inside the station. He testified that defendant "put a gun to my side" and as he looked down, he saw the gun in defendant's hand. Mr. Johnson did not testify that he paid any attention to defendant as he walked in to determine whether he had a gun or not. His testimony was that defendant came up to him and put a gun, which was visible, in his side. Defendant thereafter beat Mr. Johnson about his face and teeth with the gun and fired shots at the victim as he ran away. Mr. Johnson clearly and easily saw the gun in defendant's hand as defendant made contact with him and the testimony did not show that the gun was concealed on or about the person of the defendant.

As such, defendant-appellant respectfully requests that his conviction for carrying a concealed weapon be dismissed.

6

## ARGUMENT II

THIS MATTER MUST BE REMANDED TO THE TRIAL COURT FOR RESENTENCING AND FOR CORRECTION OF THE JUDGMENT OF SENTENCE TO REFLECT THAT DEFENDANT'S SENTENCE FOR FELONY FIREARM IS ONLY CONSECUTIVE TO HIS SENTENCE FOR ARMED ROBBERY, WHICH WAS THE OFFENSE DURING WHICH DEFENDANT POSSESSED A FIREARM.

### APPLICABLE STANDARD OF REVIEW

Issues of statutory construction are reviewed de novo. People v Swafford, 483 Mich 1 (2009).

The de novo standard is applied in construing constitutional provisions, court rules and statutes. People v Houstina, 216 Mich App 70 (1996).

### ARGUMENT

On March 9, 2016 defendant, represented by counsel, appeared before Judge Walker for sentencing and was sentenced to serve a term of incarceration as follows: (1) for armed robbery, 9 years to 15 years; (2) for assault with intent to commit great bodily harm, 2 years to 10 years; (3) for CCW, 1 year to 5 years, and (4) for felony firearm, 2 years, to precede and run consecutive to the other three counts.

In People v Clark, 463 Mich 459, 463-464 (2000), the Michigan Supreme Court held:

> "From the plain language of the felony-firearm statute, it is evident that the Legislature intended that a felony-firearm sentence be consecutive only to the sentence for a specific underlying felony. Subsection 2 clearly states that the felony-firearm sentence "shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the *felony* or attempt to commit the *felony*. It is evident that the emphasized language refers back to the predicate offense discussed in subsection1, i.e., the offense during

7

which the defendant possessed a firearm.  No language in the statute permits consecutive sentencing with convictions other than the predicate offense."

Further, in People v Wyatt, 470 Mich 878 (2004) the Michigan Supreme Court held that a remand for resentencing is required where the defendant's sentences for carrying a concealed weapon and possession of a firearm in the commission of a felony were erroneously imposed to run consecutively to one another.

In the instant case, the trial court also erroneously sentence defendant to consecutive sentences for carrying a concealed weapon and felony firearm.

Defendant is entitled to a remand to the trial court for resentencing and correction of the judgment of sentence to reflect that his sentence for felony firearm is only consecutive to the offense during which he possessed a firearm, which was the armed robbery, and not consecutive to his sentences for his other convictions.

8

## ARGUMENT III

THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING EXCESSIVE COURT COSTS ON DEFENDANT AT SENTENCING WHICH WERE UNRELATED TO THE CIRCUMSTANCES OF THE CASE AND FOR WHICH NO REASON WAS ARTICULATED ON THE RECORD.

### APPLICABLE STANDARD OF REVIEW

The standard of review is abuse of discretion. People v Wallace, 284 Mich App 467 (2009).

Statutory interpretation presents a question of law that is reviewed de novo. People v Cunningham,

496 Mich 145 (2014). When a defendant fails to object when the trial court orders her to pay costs

her challenge to the trial court's order to pay costs is reviewed for plain error. People v Sanders

(After Remand) 298 Mich App 105 (2012); People v Konopka, decided March 3, 2015 (Court of

Appeals No. 319913).

### ARGUMENT

The trial court ordered defendant to pay $600 court costs at sentencing without articulating

on the record the reason for imposing such a substantial amount of court costs.

In People v Wallace, 284 Mich App 467, 470 (2009), the Court of Appeals held that "The

plain language of MCL 769.1 does not require the trial court to consider a defendant's ability to pay

before imposing discretionary costs and fees other than those for the expense for a court-appointed

attorney." However, the trial court must exercise its discretion in imposing costs that are reasonably

related to the circumstances of the case and the offender and articulate on the record the factors

considered in arriving at the amount ordered.

In People v Sanders, 296 Mich App 710 (2012), the Court of Appeals held that there must

be a reasonable relationship between the costs imposed and the actual costs incurred by the trial

court. In <u>Sanders</u> the trial court ordered $1,000 in costs to be paid by the defendant. The Court of Appeals said remand to the trial court was necessary to determine "the reasonableness of the costs assessed defendant" and to facilitate meaningful appellate review of the costs assessed.

The trial court ordered $600 costs without an articulation on the record of the reason for imposing such a substantial amount of court costs. Although MCL 769.1 does not require the trial court to consider defendant's ability to pay before imposing discretionary costs, the trial court cannot arbitrarily impose excessive costs unrelated to the case and which are manifestly unjust. Minimal due process requirements entitle defendant to an opportunity to be heard regarding the amount of court costs imposed and the factors or method involved in calculating those costs.

In <u>People</u> v <u>Konopka</u>, <u>supra</u>, the Court of Appeals held:

> "In light of the adoption of 2014 PA 352, the trial court's imposition of costs was not erroneous. However, although the costs imposed in this case need not be separately calculated. MCL 769.1k(1)(b)(iii), the trial court did not establish a factual basis, under the subsequently amended statute, for the $500 in costs imposed. Indeed, it could not have done so at that time. However, without a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs, as required by MCL 769k(1)(b)(iii). In this case, defendant specifically challenges the lack of reasoning for the costs imposed, and we find that he should be given the opportunity to challenge the reasonableness of the costs below. See <u>Sanders</u>, 296 Mich App at 715. We therefore remand to the trial court for further proceedings to establish a factual basis for the $500 in costs imposed under MCL 769.1k(1)(b)(iii) or to alter that figure, if appropriate."

As such, defendant-appellant respectfully requests that this matter be remanded to the trial court for a hearing to determine whether there is a reasonable relationship between the costs imposed and the actual costs incurred by the trial court.

## ARGUMENT IV

THE TRIAL COURT ERRED IN REQUIRING DEFENDANT TO
PAY ATTORNEY FEES WITHOUT FIRST ASSESSING HIS
ABILITY TO PAY.

### APPLICABLE STANDARD OF REVIEW

Challenges to the constitutionality of the procedure used to impose and enforce a fee for a

court-appointed attorney presents a question of constitutional law, which is reviewed de novo.

People v Jackson, 483 Mich 271, 277 (2009).

### ARGUMENT

Whenever a trial court attempts to enforce its imposition of a fee for a court-appointed

attorney, the defendant has a due process right to be advised of this enforcement action and be given

an opportunity to contest the enforcement on the basis of his indigency. People v Jackson, 483 Mich

271, 277 (2009). In Jackson, the Michigan Supreme Court held that an ability-to-pay assessment is

constitutionally necessary when the order for payment is actually enforced and a defendant has

contested his ability to pay. Id. at 275, 290-292. Then, when a trial court attempts to enforce its

earlier imposition of a fee for a court-appointed attorney under MCL 769.1k, the defendant must be

advised of the enforcement action and be given an opportunity to contest the enforcement on the

basis of his then-existing indigency. The trial court must then evaluate "whether a defendant is

indigent and unable to pay at that time or whether forced payment would work a manifest hardship

on the defendant at that time." Id. at 293.

In the instant case, the trial court ordered appointed attorney fees of $400. The $400 in

attorney fees are currently being taken out of defendant's prison account. As such, defendant

contests the order for payment of $400 in appointed attorney fees because he is indigent and has no

11

present ability to pay attorney fees which are being taken out of his prison account. Under these circumstances, pursuant to <u>Jackson</u>, defendant has a constitutional right to an ability to pay assessment because the order for payment of attorney fees is being enforced and defendant contends that he is unable to pay the ordered attorney fees as a result of his indigency at the present time.

Defendant is indigent; he has no money or other assets and has no present ability to pay the ordered attorney fees which are being taken out of his prison account. Therefore, under MCL 769.1k, and <u>Jackson</u> defendant must be advised of the enforcement action against him and be given an opportunity to contest the enforcement on the basis of his then-existing indigency. The trial court must then evaluate "whether a defendant is indigent and unable to pay at that time or whether forced payment would work a manifest hardship on the defendant at that time." <u>Id</u>. at 293.

As such, Defendant-appellant respectfully request that the trial court amend or revoke the remittance order presently in place for attorney fees.

RECEIVED 2016 JUL 29 PM 1:50 COURT OF APPEALS DETROIT OFFICE

12

## RELIEF REQUESTED

WHEREFORE, Defendant-Appellant, DONNIE ANTHONY THOMAS-DAWSON, respectfully requests the following relief:

A.      That his conviction for carrying a concealed weapon be reversed;

B.      That this matter be remanded to the trial court for resentencing and correction of the judgment of sentence;

C.      That this matter be remanded to the trial court for a hearing to determine whether there was a reasonable relationship between the costs imposed on defendant and the actual costs incurred by the trial court;

D.      That this matter be remanded to the trial court for a hearing on defendant's present ability to pay attorney fees.


Respectfully submitted,


Arthur H. Landau (P16381)
Attorney for Defendant-Appellant
P.O. Box 7740
Bloomfield Hills, MI 48302
(248) 948-0893

Date: July 29, 2016

13

STATE OF MICHIGAN
IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellee,

vs.

DONNIE ANTHONY THOMAS-DAWSON,

     Defendant-Appellant.

Court of Appeals
No. 332339

Lower Court
No. 15-1533

_____/

Wayne County Prosecutor's Office
Attorney for Plaintiff-Appellee
---------------------------------------------
Arthur H. Landau (P16381)
Attorney for Defendant-Appellant
P.O. Box 7740
Bloomfield Hills, MI 48302
(248) 948-0893
_____/

**PROOF OF SERVICE**

     ARTHUR H. LANDAU, of the Township of Bloomfield Hills, County of Oakland, State of

Michigan, deposes and says that on the 29th day of July, 2016, he served a copy of:

BRIEF OF DEFENDANT-APPELLANT

upon:

          Wayne County Prosecutor's Office
          1441 St. Antoine, 12th Floor
          Detroit, Michigan 48226

by placing said documents in a properly addressed envelope, and depositing same in a United States

Mail Receptacle with first class postage prepaid.

     I DECLARE THAT THE STATEMENTS ABOVE ARE TRUE TO THE BEST OF MY
INFORMATION, KNOWLEDGE AND BELIEF.

_____
ARTHUR H. LANDAU

# Court of Appeals, State of Michigan

## ORDER

People of MI v Donnie Anthony Thomas-Dawson

Docket No.     332339

LC No.          15-001533-01-FC

Christopher M. Murray
Presiding Judge

Kurtis T. Wilder

Karen M. Fort Hood
Judges

The Court orders that the motion to order Court Reporter Gary Coury (R 3827) to show cause is DISMISSED AS MOOT, the transcripts having been filed.

A copy of this order shall be transmitted to Third Judicial Circuit Court Director of Court Reporting Services Tammi Palmer; and to Third Judicial Circuit Court Criminal Division Supervisor of Court Reporting/Recording Services Richard Josephs.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

August 3, 2016
Date

Chief Clerk

# STATE OF MICHIGAN

## IN THE COURT OF APPEALS

**PEOPLE OF THE STATE OF MICHIGAN**

        Plaintiff-Appellee,

-vs-

**DONNIE ANTHONY THOMAS-DAWSON**

        Defendant-Appellant.

_____/

**Court of Appeals No.** 332339

**Lower Court No.** 15-001533-01-FC

**DEFENDANT'S PRO PER BRIEF ON APPEAL**
**PURSUANT TO ADMINISTRATIVE ORDER 2004-6 MINIMUM STANDARDS FOR**
**INDIGENT CRIMINAL APPELLATE DEFENSE SERVICES STANDARD 4**
**(ORAL ARGUMENT REQUESTED)**

## *TABLE OF CONTENTS*

TABLE OF AUTHORITIES ..................................................................ii

STATEMENT OF JURISDICTION ......................................................v

STATEMENT OFQUESTIONS PRESENTED .......................................vi

STATEMENT OF
FACTS.........................................................................................1

ARGUMENTS..............................................................................2
     **I:  TRIAL COUNSEL WAS INEFFECTIVE FOR NOT RAISING A SPEEDY
TRIAL MOTION VIOLATING MR. DAWSON'S VI AMENDMENT
RIGHT TO A SPEEDY TRIAL AND FAILING TO FULLY INVESTIGATE
AND PRODUCE WITNESSES FOR AN ADEQUATE DEFENSE**

     **II:  DEFENDANT WAS DENIED A FAIR TRIAL BY THE ERRONEOUS
ADMISSION OF TAINTED IDENTIFICATIONS**

RELIEF REQUESTED
......................................................................................12

i

### *TABLE OF AUTHORITIES*

## CASES

*Avery v. Prelesnik*, 548 F. 434; 2008 U.S. App. LEXIS 24079 (CA 6, 2008) ................................. 6

*Barker v. Wingo*, 407 U.S. 514, 530 (1972) ................................................................... 4

*Chambers v. Mississippi*, 410 U.S. 284, 294; 93 S. Ct. 1038; 35 L. Ed. 2d 297 (1973) ........... 6

*Clinkscale v. Carter*, 375 F. 3d. 430 (CA 6, 2004) ....................................................... 6

*Commonwealth v. Rodriguez*, 611 A. 2d. 305 (Pa. Super., 1992) ........................................ 5

*Corbitt v. New Jersey*, 439 U.S. 212, 219-220; 99 S. Ct. 492; 58 L. Ed. 2d. 466 (1978) ......... 5

*Duncan v. Louisiana*, 391 U.S. 145; 88 S. Ct. 1444; 20 L. Ed. 2d. 491 (1968) ...................... 4

*Gilbert v. California*, 388 U.S. 263; 87 S. Ct. 1951; 18 L. Ed. 2d 1178 (1967) ..................... 8

*Green v. Loggins*, 614 F.2d 219 (CA 9, 1980) .............................................................. 8

*Johnson v. Zerbst*, 304 U.S. 458; 58 S. Ct. 1019; 82 L. Ed. 1461 (1938) .............................. 5

*Neil v. Biggers*, 409 U.S. 188, 198; 93 S. Ct. 375; 34 L. Ed. 2d 401 (1972) ..................... 7, 8

*People v. Anderson,* 389 Mich. 155 (1973) ............................................................. 7, 8

*People v. Bennett*, 84 Mich. App. 408 (1978) ............................................................. 4

*People v Carines*, 460 Mich 750, 764: 597 NW2d 130 (1999) ........................................... 2

*People v. Carter*, 415 Mich. 558, 598 (1982) ............................................................. 7

*People v. Collins*, 338 Mich. 680 (1972) ................................................................. 4

*People v. Davis*, (After Remand), 129 Mich. App. 622 (1983) ........................................... 4

*People v. Godbold*, 230 Mich. App. 508, 517; 585 N.W. 2d. 13 (1998) .................................. 5

*People v. Grimmett*, 338 Mich. 590 (1972) ................................................................ 4

*People v. Harris*, 110 Mich. App. 636 (1981) ............................................................. 4

ii

*People v Hill*, 402 Mich 272, 282-283; 262 NW2d 641 (1978) ................................................ 2

*People v. Jones*, 121 Mich. App. 484 (1982) ................................................ 4

*People v Kachar*, 400 Mich 78; 252 NW2d 807 (1977) ................................................ 7, 8, 9

*People v. Karasek*, 63 Mich. App. 706 (1975) ................................................ 11

*People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002) ................................................ 2

*People v. Means*, 97 Mich. App. at 648-649 ................................................ 11

*People v Metzler*, 193 Mich App 541, 545-546; 484 NW2d 695 (1992) ................................................ 2

*People v. Missouri*, 100 Mich. App. 310 (1980) ................................................ 4

*People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001) ................................................ 2

*People v Toma*, 462 Mich 281; 613 NW2d 694  (2000) ................................................ 2

*People v. Tumpkin*, 49 Mich. App. 262, 264; 212 N.W. 2d 38 (1973) ................................................ 11

*Robinson v. Commonwealth*, 548 S.E. 2d. 227 (Va. App., 2001) ................................................ 5

*Simmons v. United States,* 390 U.S. 377, 384; 88 S. Ct. 967; 19 L. Ed. 2d 1247 (1968) ...... 9

*Stovall v. Denno*, 338 U.S. 293, 299; 87 S. Ct 1976; 18 L. Ed. 2d 1199 (1967) ................................................ 7

*Strickland v Washington*, 466 US 668, 698; 104 S Ct 2052; 80 L Ed 2d 674 (1984) ........ 2, 3

*Strunk v. United States,* 412 U.S. 434 (1973) ................................................ 3

*Thigpen v. Cory*, 804 F.2d 893, 895 (CA 6, 1986) ................................................ 8

*United States v. Lovasco*, 431 U.S. 783 (1977) ................................................ 3

*United States v. Wade*, 338 U.S. 21; 87 S. Ct. 1926; 18 L. Ed. 2d 1149 (1967) ................................................ 7, 9

## CONSTITUTIONS, STATUTES, AND COURT RULES

US Const. Amend. VI ............................................................................. 3, 4, 6

US Const. Amend. XIV .......................................................................... 4, 6

Mich. Const. 1963, art. 1 § 14 ................................................................. 3

Mich. Const. 1963, art. 1 § 17 ................................................................. 6

Mich. Const. 1963, art. 1 § 20 ........................................................... 3, 4, 6

Mich. Const. 1963, art. 1 § 24 ................................................................. 3

MCL. 768.1 ............................................................................................... 3

MCR 6.401 ............................................................................................... 5

MCR 6.402(B) .......................................................................................... 5

Administrative Order 2004-6 ................................................................... v

### *STATEMENT OF JURISDICTION*

Appellant was sentenced in the Wayne County Circuit Court on 03/09/2016.  Appellate

Counsel has already filed a brief on appeal in this matter.  In addition to the statement of jurisdiction

noted in the original brief on appeal, Appellant refers this Court to Administrative Order 2004-6

Minimum Standards For Indigent Criminal Appellate Defense Services Standard 4, which allows a

defendant to file a pro per brief raising issues that his/her counsel refused to raise.

## *STATEMENT OF QUESTIONS PRESENTED*

**I:   WAS TRIAL COUNSEL INEFFECTIVE FOR NOT RAISING A SPEEDY TRIAL MOTION VIOLATING MR. DAWSON'S VI AMENDMENT RIGHT TO A SPEEDY TRIAL AND FOR FAILING TO FULLY INVESTIGATE AND PRODUCE WITNESSES FOR AN ADEQUATE DEFENSE**

**II:   WAS DEFENDANT DENIED A FAIR TRIAL BY THE ERRONEOUS ADMISSION OF TAINTED IDENTIFICATIONS**

Defendant Answers: Yes
The Prosecutor Answers: No
The Trial Court Answers: No

### ***STATEMENT OF FACTS***

DEFENDANT CONCURS AND REFERS THIS COURT TO THE STATEMENT OF FACTS CONTAINED IN DEFENDANT'S INITIALLY FILED BRIEF ON APPEAL BY APPELLATE COUNSEL.

*ARGUMENT*

### I: TRIAL COUNSEL WAS INEFFECTIVE FOR NOT RAISING A SPEEDY TRIAL MOTION VIOLATING MR. DAWSON'S VI AMENDMENT RIGHT TO A SPEEDY TRIAL AND FAILING TO FULLY INVESTIGATE AND PRODUCE WITNESSES FOR AN ADEQUATE DEFENSE

**Standard of Review:**

Whether defendant was denied the effective assistance of counsel is a constitutional question, which this Court reviews *de novo*. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002); *People v Toma*, 462 Mich 281; 613 NW2d 694 (2000). The performance and prejudice prongs of an ineffective assistance of counsel claim are mixed questions of law and fact reviewed *de novo*. *Strickland v Washington*, 466 US 668, 698; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was objectively unreasonable, (2) but for counsel's actions the outcome of the proceedings would have been different. *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). The standard of review for unpreserved constitutional error is for "plain error," *People v Carines*, 460 Mich 750, 764: 597 NW2d 130 (1999). Under this standard, the reviewing court should reverse if clear error affected substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id* at 763-764. This Court applies the *de novo* standard of review to issues calling for construction of constitutional provisions, statutes, and court rules, such as the right to a speedy trial. *People v Hill*, 402 Mich 272, 282-283; 262 NW2d 641 (1978); *People v Metzler*, 193 Mich App 541, 545-546; 484 NW2d 695 (1992).

**Discussion:**

The United States and the Michigan Constitution guarantee every criminal defendant the right to a speedy trial. U.S. Const. Am. VI; Const. 1963, art. 1, §20. That right is also recognized by statute and court rule.

In every criminal prosecution, the accused shall have the right to a speedy and public trial . . . . Const. 1963, art. 1, §20.

Michigan requires a speedy trial pursuant to MCL. 768.1: "the people of this state and persons charged with crime are entitled to and shall have a speedy trial and determination of all prosecutions and it is hereby made the duty of all public officers having duties to perform in any criminal case, to bring such case to a final determination without delay except as may be necessary to secure to the accused a fair and impartial trial."

Mr. Dawson emphatically asked and requested counsel to file a motion for a speedy trial, pursuant to U.S. Const. Am. VI; Const. 1963, art. 1, §20, on numerous occassions throughout the Preliminary Examination proceedings and Trial Court proceedings. Counsel ineffectively denied Mr. Dawson this right by consistently telling Mr. Dawson that he would file the motion at the next court date and then the next until the proceedings were over and Mr. Dawson was tried and convicted. This prejudiced Mr. Dawson of his right to effective assistance of counsel and denied him his right to a speedy trial. U.S. Const. Am. VI; Const. 1963, art. 1, §§ 14, 20, 24, *Strickland v Washington*, Supra.

The constitutional speedy trial guarantee attaches when the defendant becomes an accused. *United States v. Lovasco*, 431 U.S. 783 (1977). The remedy where the right to speedy trial has been denied is dismissal of the charges. *Strunk v. United States*, 412 U.S. 434 (1973).

In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the United States Supreme Court promulgated

3

a four-part test to assess claimed speedy trial violations. The factors to be weighed include: (1) length of the delay; (2) reason for the delay; (3) the defendant's assertion of the right by making a demand for a speedy trial; and (4) prejudice to the defendant. Id. at 530. The Michigan Supreme Court adopted this test in *People v. Grimmett*, 338 Mich. 590 (1972) and *People v. Collins*, 338 Mich. 680 (1972).

The length of delay is the triggering mechanism for consideration of other factors in a speedy trial analysis, but it is not in itself determinative. <u>See</u> *People v. Missouri*, 100 Mich. App. 310 (1980); *Peopel v. Harris*, 110 Mich. App. 636 (1981). Unexplained delays are charged against the prosecution. <u>See</u> *People v. Bennett*, 84 Mich. App. 408 (1978); *People v. Davis*, (After Remand), 129 Mich. App. 622 (1983). Also, normal docket congestion is charged against the prosecution. <u>See</u> *People v. Jones*, 121 Mich. App. 484 (1982).

When balancing the four factors the relative weight of the factors does not require an even distribution of weight or any particular formula at all. Instead, the important question is whether the prosecution adhered to its constitutional duty to provide a speedy trial or adequately explained why it did not. <u>See</u> *Barker*, 407 U.S. at 514.

US Const, Am VI provides, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a ... trial, by ... jury ...." This right applies to State felony prosecutions through the Due Process Clause of U.S. Const., Am. XIV. *Duncan v. Louisiana*, 391 U.S. 145; 88 S. Ct. 1444; 20 L. Ed. 2d. 491 (1968). Likewise, Const. 1963, art 1, § 20 provides, in pertinent part: "In every criminal prosecution, the accused shall have the right to a ... trial by ... jury ...."

MCR 6.401 provides generally for a waiver of a jury trial:
The defendant has the right to be tried by a jury or may, with the consent of the

4

prosecutor and approval by the court, elect to waive that right and be tried before the court without a jury.

However, there is a strong presumption against a waiver of fundamental constitutional rights.  See generally, *Johnson v. Zerbst*, 304 U.S. 458; 58 S. Ct. 1019; 82 L. Ed. 1461 (1938). Accordingly, MCR 6.402(B) further provides, in pertinent part:

> Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury.  The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court....

Offering a defendant lenient treatment as a reward for waiving a jury trial does not make the waiver involuntary, because "the prospect of leniency if a right is waived is not the equivalent of a penalty for exercise of that right." *People v. Godbold*, 230 Mich. App. 508, 517; 585 N.W. 2d. 13 (1998), citing *Corbitt v. New Jersey*, 439 U.S. 212, 219-220; 99 S. Ct. 492; 58 L. Ed. 2d. 466 (1978). In *Godbold*, this Court upheld the practice of imposing a lenient sentence upon conviction, in exchange for waiver of a jury trial.

However, directly threatening to punish the exercise of the right to jury trial makes a waiver involuntary. For example, in *Robinson v. Commonwealth*, 548 S.E. 2d. 227 (Va. App., 2001), the Virginia Court of Appeals found a waiver of jury trial to be involuntary where the trial court had threatened to revoke the defendant's pre-trial release or increase the amount of bond if the defendant insisted on a jury trial. Accord, *Commonwealth v. Rodriguez*, 611 A. 2d. 305 (Pa. Super., 1992).

Trial counsel for an accused has an obligation and a duty to protect the rights of their client with due diligence within the confines of the law. M.R.P.C.'s 1.0, 1.1, 1.2, 1.3, 1.4, & 1.5.

Trial counsel has a duty and obligation to pursue avenues that the client brings to his/her attention. Such as, alibi witnesses, police misconduct (suggestive Identification Procedures), and making an adequate and thorough investigation into the  reasoning and logic of the prosecutions case against Mr. Dawson. (Preliminary Examination Transcripts February 12, 2015 (PXT I, henceforth) p.g. 18-21).

One of the principal rights guaranteed under the Sixth Amendment and Due Process Clause is the right to present a defense. US Const Am VI, XIV; Const. 1963, art 1, §§ 17, 20. This right is embodied in the guarantees of the right to compulsory process, the right to confront witnesses, and to have the assistance of counsel. Due process at trial is "the right to a fair opportunity to defend against the state's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process." *Chambers v. Mississippi*, 410 U.S. 284, 294; 93 S. Ct. 1038; 35 L. Ed. 2d. 297 (1973).

The failure of defense counsel to call an alibi witness may amount to ineffective assistance of counsel, where the missing testimony affected the outcome of the trial. See, e.g., *Clinkscale v. Carter*, 375 F. 3d. 430 (CA 6, 2004) (holding defense trial counsel ineffective in failing to file a timely alibi notice where the defendant had promptly informed counsel of the alibi and supporting witnesses; defendant established prejudice where there was a "reasonable probability" that testimony of the alibi witnesses would have affected the outcome of the trial); and *Avery v. Prelesnik*, 548 F. 434; 2008 U.S. App. LEXIS 24079 (CA 6, 2008) (defense trial counsel ineffective in failing to fully investigate, locate, and call alibi witnesses).

6

To effectively deny Mr. Dawson his rights to a jury trial and speedy trial without objection is the epitome of ineffectiveness, with nefarious undertones of prejudice denying Mr. Dawson effective assistance of counsel and Due Process of law, the only remedy is a new trial.

## II: DEFENDANT WAS DENIED A FAIR TRIAL BY THE ERRONEOUS ADMISSION OF TAINTED IDENTIFICATIONS

**Standard of Review:**

According to *People v Kachar*, 400 Mich 78; 252 NW2d 807 (1973), the applicable appellate standard of review for this issue is clearly erroneous.

**Discussion:**

The dangers inherent in eyewitness identification by a witness who has been exposed to suggestive identification procedures have long been recognized. Due process is denied when identification procedures used are unnecessarily suggestive and conducive to irreparable misidentification. *United States v. Wade*, 338 U.S. 21; 87 S. Ct. 1926; 18 L. Ed. 2d 1149 (1967); *Stovall v. Denno*, 338 U.S. 293, 299; 87 S. Ct 1976; 18 L. Ed. 2d 1199 (1967); *People v. Anderson*, 389 Mich. 155 (1973). An identification procedure will be set aside as impermissibly suggestive when it can give rise to a substantial likelihood of misidentification. *Simmons v. United States*, 390 U.S. 377, 384; 88 S. Ct. 967; 19 L. Ed. 2d 1247 (1968); *Neil v. Biggers*, 409 U.S. 188, 198; 93 S. Ct. 375; 34 L. Ed. 2d 401 (1972). The danger is that an initial improper identification procedure may result in misidentification and will unduly influence any later identification. *People v. Carter*, 415 Mich. 558, 598 (1982).

An identification procedure can be unduly suggestive even in the absence of intentional misconduct in arranging it. The basic purpose of excluding suggestive identification evidence is to

prevent misidentification, not to deter misconduct. *Thigpen v. Cory*, 804 F.2d 893, 895 (CA 6, 1986); *Green v. Loggins*, 614 F.2d 219 (CA 9, 1980). The Court in *Anderson* described three factors that may lead to improper suggestion, even absent misconduct:

> First, the witness when called by the police or prosecution either is told or believes that the police have apprehended the right person. Second, if the witness is shown only one person or a group in which one person is singled out in some way, he is tempted to presume that he is the person. Third, as the second factor just discussed above shows, eyewitness identification has inherent weaknesses from the standpoint of the witness's problems of sensation, retention, etc., and the similarity in appearance of people. *Anderson*, 389 Mich. at 178.

In the instant case, there were two corporal line-ups done two days after the incident took place were the individuals in the corporal line-up with Mr. Dawson had none of the same characteristics which singled out Mr. Dawson. Even if Glasper's altered testimony at trial is accepted, that there was more than one line-up, Mr. Dawson was again singled out at the preliminary examination, where Ms. Glasper saw Dawson sitting at counsel table, obviously the defendant in the case. The same is true of Mr. Johnson

After a witness has been subjected to an unduly suggestive identification procedure, any subsequent identification by the witness is not admissible unless the prosecution can show by clear and convincing evidence that such identification has a basis independent of the prior identification procedure. *Gilbert v. California*, 388 U.S. 263; 87 S. Ct. 1951; 18 L. Ed. 2d 1178 (1967); *People v. Kachar*, 400 Mich 78 (1987). In *Neil v. Biggers*, 409 U.S. 188, the United States Supreme Court discussed the factors to be considered when determining whether in-court identifications are reliable even though the pretrial confrontation procedure was suggestive. Those factors include the opportunity of the witness to view the offender, the witness' degree of attention, the accuracy of any

prior description of the offender, the level of certainty demonstrated by the witness, and the length of time between the offense and the confrontation. Id. at 199.

In Michigan, the Supreme Court in *People v. Kachar*, Supra, established a totality of the circumstances test, similar to that enunciated in Neil, for showing whether a proposed in-court identification has a basis independent of the influences of a prior suggestive procedure. The Court in <u>*Kachar*</u> listed eight factors to be considered: 1) whether there is any prior relationship between the witness and the defendant; 2) the opportunity to view the offense; 3) the length of time between the offense and the disputed identification; 4) the accuracy or discrepancies in the description given by the witness and the defendant's actual appearance; 5) whether there was any previous proper identification or failure to identify the defendant; 6) whether the witness previously identified another person as the offender; 7) the nature of the offense and the state of mind of the witness at the point of viewing the offender; and 8) whether the defendant has any idiosyncratic or special features. *Kachar*, 400 Mich. at 95-96. On review, a court should weigh the various factors, and determine whether the prosecution has established by clear and convincing evidence that a sufficient independent basis exists to purge the taint of any suggestive procedure. Id. at 97. See also *United States v. Wade*, Supra; *Simmons v. United States*, Supra.

Application of the <u>*Kachar*</u> and <u>*Neil*</u> factors to the evidence developed at the examination demonstrates that Mr. Johnson, and Ms. Glasper's in-court identifications were irreparably tainted. 1) Prior relationship:

Mr. Johnson did not know Mr. Dawson. (Preliminary Examination Transcript February 23, 2015 (henceforth PXT II) p.g. 19). nor did Ms. Glasper know the Defendant Dawson. 2) Opportunity to observe:

9

The incident was sudden and unexpected, and the witnesses could clearly not see who the assailants were.  The incident lasted only about 10 seconds. It was dark with some artificial light. (PXT 25).

3) Length of time between offense and confrontation:

Ms. Glasper nor Mr. Johnson did not participate in corporal line-ups until a few days later. The preliminary examination, where Mr. Johnson and Ms. Glasper identified Mr. Dawson as the assailant, was held in February of 2015, approximately *a month* after the robbery took place.

4) Accuracy or discrepancies in the description:

The descriptions of the assailants were highly inconsistent.  Although everyone said he was a black male of average height and weight, none of the witnesses saw tattoos.

5) Any identification of or failure to identify the accused:

Mr. Johnson told the officer he did not know if he could ID the shooter.  Ms. Glasper participated in a corporal line-up, and she was unable to make an viable identification.

6) Prior identification of someone other than the accused:

The record reveals none.

7) Witness' state of mind:

The whole incident took only minutes, and the witnesses were shocked and fearful, either running and ducking for their lives, or, in the case of Mr. Johnson, running from the sounds of gun shots in his direction.

8) Idiosyncratic or special features:

There were no special features of the shooter described by any of the witnesses.  The description they gave could have matched thousands of Detroit residents.  On the other hand, Mr.

10

Dawson had special features, his tattoos, which *nobody* saw.

The *Neil* factors consist of many of the same considerations found in *Kachar*. These facts, taken together, did not prove by clear and convincing evidence that the complainant had an independent basis for identifying Mr. Dawson as the assailant. The trial court's ruling to the contrary was clearly erroneous.

Without the victim-witnesses' in-court identification of the defendant the prosecution's case would have been considerably weakened, to the point that "in all likelihood" acquittal would result from a new trial without the mistake. *People v. Karasek*, 63 Mich. App. 706 (1975); *People v. Tumpkin*, 49 Mich. App. 262, 264; 212 N.W. 2d 38 (1973). *Means*, 97 Mich. App. at 648-649 (footnote omitted).  Defendant's convictions should be reversed.

## SUMMARY AND RELIEF

**WHEREFORE**, for the foregoing reasons, Defendant-Appellant asks that this Honorable Court vacate his convictions and sentence, and remand this case to the Wayne County Circuit Court for a new trial, evidentiary hearing, or any appropriate relief that this court deems fit.

**Date:** October_____, 2016

Donnie Anthony Thomas-Dawson #717185

12

**ARTHUR H. LANDAU**
ATTORNEY AT LAW
**P.O. Box 7740**
**Bloomfield Hills, MI 48302**
(248) 948-0893

November 9, 2016

Clerk of the Court
Court of Appeals
3020 West Grand Boulevard
Suite 14-300
Detroit, MI 48202

RE:   People vs. Donnie Anthony Thomas-Dawson
        Court of Appeals No. 332339
        Lower Court Case No. 15-001533-FC

Dear Sir/Ms:

    Enclosed herewith please find an original and four (4) copies of the Motion to File Defendant's Pro Per Supplemental Brief on Appeal and original and four (4) copies of Defendant's Pro Per Supplemental Brief on Appeal in the above-entitled matter.

    Thank you for your cooperation.

Very truly yours,

Arthur H. Landau

AHL/kb
enclosures

STATE OF MICHIGAN
IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

vs.

DONNIE ANTHONY THOMAS-DAWSON,

      Defendant-Appellant.

_____/

WAYNE COUNTY PROSECUTOR
Attorney for Plaintiff-Appellee

-----------------------------------------

ARTHUR H. LANDAU (P16381)
Attorney for Defendant-Appellant
P.O. Box 7740
Bloomfield Hills, MI 48302
(248) 948-0893

_____/

Court of Appeals
No. 332339

Lower Court
No. 15-001533-FC

**MOTION TO FILE DEFENDANT'S PRO PER
SUPPLEMENTAL BRIEF ON APPEAL**

      NOW COMES Defendant-Appellant, DONNIE ANTHONY THOMAS-DAWSON, through

his appellate counsel, ARTHUR H. LANDAU, and pursuant to MCR 7.211, moves to file his Pro

Per Supplemental Brief on Appeal, and states in support thereof, the following:

      1.     In this matter, defendant was convicted after a bench trial before the Honorable

Shannon Walker, Wayne County Circuit Judge, on February 22, 2016 of armed robbery, carrying a

concealed weapon, felony firearm and assault with intent to do great bodily harm less than murder.

      2.     On March 9, 2016 defendant was sentenced by Judge Walker to serve a term of

incarceration for armed robbery of 9 to 15 years, for assault to commit great bodily harm, 2 to 10

years, for carrying a concealed weapon, 1 to 5 years and 2 years for felony firearm.

1

3.      Defendant requested the appointment of appellate counsel on March 22, 2016 and present appellate counsel was appointed by Wayne County Circuit Court, on behalf of defendant on March 24, 2016.

4.      Appellate counsel filed the Brief of Defendant-Appellant with the Court of Appeals on July 29, 2016.

5.      In the Pro Per Brief on Appeal, enclosed herewith, defendant seeks to raise two additional issues that appear to have arguable legal merit and should be considered by the Court of Appeals prior to any decision.  Those two issues are:

**I**

WAS TRIAL COUNSEL INEFFECTIVE FOR NOT RAISING A SPEEDY TRIAL MOTION VIOLATING MR. DAWSON'S VI AMENDMENT RIGHT TO A SPEEDY TRIAL AND FOR FAILING TO FULLY INVESTIGATE AND PRODUCE WITNESSES FOR AN ADEQUATE DEFENSE.

**II**

WAS DEFENDANT DENIED A FAIR TRIAL BY THE ERRONEOUS ADMISSION OF TAINTED IDENTIFICATIONS.

6.      Defendant has fully briefed those issues in his Pro Per Supplemental Brief.

7.      Although counsel believes that defendant's Pro Per Supplemental Brief should have been filed within 84 days of the filing of defendant's brief on appeal by    appellate counsel, there are legitimate reasons to allow defendant to file his Pro Per Brief to the Court of Appeals at this time.

8.      Defendant had substantial difficulty in getting his preliminary examination, trial and sentence transcripts from Wayne County Circuit Court since he had to personally request those transcripts from the court because appellate counsel had to return those transcripts to Wayne County Circuit Court when he filed his billing on July 29, 2016.

2

9.      Defendant wrote to appellate counsel on September 28, 2016 requesting the preliminary examination transcript since he had not received it from the court and appellate counsel had to go to Wayne Circuit Court on October 3, 2016 to get the transcript and mailed it to defendant on October 4, 2016.

10.     Defendant sent his Pro Per Brief on Appeal to appellate counsel on October 18, 2016 and appellate counsel received it on October 22, 2016.

11.     Since defendant only sent one copy of his Pro Per Brief to counsel, counsel wrote letters to defendant requesting 5 additional copies of his pro per brief.

12.     Defendant had a difficult time making copies of the Pro Per Brief in prison because of his indigency and being allowed to use the copy machine.

13.     That justice requires that defendant be allowed to file his attached Pro Per Brief on Appeal as he has raised issues and argument in his appeal that deserve consideration and review before a decision is made.

14.     Attached hereto are an original and (4) copies of defendant's Pro Per Brief on Appeal.

WHEREFORE, Defendant-Appellant, DONNIE ANTHONY THOMAS-DAWSON, respectfully requests that he be allowed to file his Pro Per Brief on Appeal with the Court of Appeals.

Respectfully submitted,

ARTHUR H. LANDAU (P16381)
Attorney for Defendant-Appellant
P.O. Box 7740
Bloomfield Hills, MI 48302
(248) 948-0893

Dated: November 9, 2016

3

STATE OF MICHIGAN
IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

Court of Appeals
No. 332339

vs.

Lower Court
No. 15-001533-FC

DONNIE ANTHONY THOMAS-DAWSON,

      Defendant-Appellant.

_____/

WAYNE COUNTY PROSECUTOR
Attorney for Plaintiff-Appellee

----------------------------------------

ARTHUR H. LANDAU (P16381)
Attorney for Defendant-Appellant
P.O. Box 7740
Bloomfield Hills, MI 48302
(248) 948-0893

_____/

**PROOF OF SERVICE**

      ARTHUR H. LANDAU, of the Township of Bloomfield Hills, County of Oakland, State of

Michigan, deposes and says that on the 9th day of November, 2016, he served a copy of:

      MOTION TO FILE DEFENDANT'S PRO PER SUPPLEMENTAL BRIEF
ON APPEAL and DEFENDANT'S PRO PER SUPPLEMENTAL BRIEF ON APPEAL

upon:      Wayne County Prosecutor's Office
              1441 St. Antoine, 12th Floor
              Detroit, Michigan 48226

by placing said documents in a properly addressed envelope, and depositing same in a United States

Mail Receptacle with first class postage prepaid.

      I DECLARE THAT THE STATEMENTS ABOVE ARE TRUE TO THE BEST OF MY
INFORMATION, KNOWLEDGE AND BELIEF.

_____
ARTHUR H. LANDAU

# Court of Appeals, State of Michigan

## ORDER

**People of MI v Donnie Anthony Thomas-Dawson**

Docket No.    **332339**

LC No.    **15-001533-01-FC**

---

Michael J. Talbot, Chief Judge, acting under MCR 7.211(E)(2), orders:

The motion to extend time to file a Standard 4 brief is GRANTED.  The brief that was received on November 9, 2016, is accepted for filing.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

November 22, 2016
_____        _____
Date                                          Chief Clerk

# STATE OF MICHIGAN

## IN THE COURT OF APPEALS

**PEOPLE OF THE STATE OF MICHIGAN**

          Plaintiff-Appellee,

**Court of Appeals No.** 332339

**Lower Court No.** 15-001533-01-FC

-vs-

**DONNIE ANTHONY THOMAS-DAWSON**

          Defendant-Appellant.

_____/

### DEFENDANT'S PRO PER BRIEF ON APPEAL
### PURSUANT TO ADMINISTRATIVE ORDER 2004-6 MINIMUM STANDARDS FOR
### INDIGENT CRIMINAL APPELLATE DEFENSE SERVICES STANDARD 4
### (ORAL ARGUMENT REQUESTED)

## *TABLE OF CONTENTS*

TABLE OF AUTHORITIES ......................................................................ii

STATEMENT OF JURISDICTION ........................................................v

STATEMENT OFQUESTIONS PRESENTED ........................................vi

STATEMENT OF
FACTS............................................................................................................1

ARGUMENTS.................................................................................................2

    **I:  TRIAL COUNSEL WAS INEFFECTIVE FOR NOT RAISING A SPEEDY TRIAL MOTION VIOLATING MR. DAWSON'S VI AMENDMENT RIGHT TO A SPEEDY TRIAL AND FAILING TO FULLY INVESTIGATE AND PRODUCE WITNESSES FOR AN ADEQUATE DEFENSE**

    **II:  DEFENDANT WAS DENIED A FAIR TRIAL BY THE ERRONEOUS ADMISSION OF TAINTED IDENTIFICATIONS**

RELIEF REQUESTED
...................................................................................................12

i

## *TABLE OF AUTHORITIES*

### CASES

*Avery v. Prelesnik*, 548 F. 434; 2008 U.S. App. LEXIS 24079 (CA 6, 2008) ................................ 6

*Barker v. Wingo*, 407 U.S. 514, 530 (1972) ................................................................. 4

*Chambers v. Mississippi*, 410 U.S. 284, 294; 93 S. Ct. 1038; 35 L. Ed. 2d. 297 (1973) ........... 6

*Clinkscale v. Carter*, 375 F. 3d. 430 (CA 6, 2004) ....................................................... 6

*Commonwealth v. Rodriguez*, 611 A. 2d. 305 (Pa. Super., 1992) ............................................ 5

*Corbitt v. New Jersey*, 439 U.S. 212, 219-220; 99 S. Ct. 492; 58 L. Ed. 2d. 466 (1978) ......... 5

*Duncan v. Louisiana*, 391 U.S. 145; 88 S. Ct. 1444; 20 L. Ed. 2d. 491 (1968) ...................... 4

*Gilbert v. California*, 388 U.S. 263; 87 S. Ct. 1951; 18 L. Ed. 2d 1178 (1967) .......................... 8

*Green v. Loggins*, 614 F.2d 219 (CA 9, 1980) ............................................................. 8

*Johnson v. Zerbst*, 304 U.S. 458; 58 S. Ct. 1019; 82 L. Ed. 1461 (1938) ................................ 5

*Neil v. Biggers*, 409 U.S. 188, 198; 93 S. Ct. 375; 34 L. Ed. 2d 401 (1972) ........................... 7, 8

*People v. Anderson,* 389 Mich. 155 (1973) .............................................................. 7, 8

*People v. Bennett*, 84 Mich. App. 408 (1978) ............................................................ 4

*People v Carines*, 460 Mich 750, 764: 597 NW2d 130 (1999) .................................... 2

*People v. Carter*, 415 Mich. 558, 598 (1982) ........................................................... 7

*People v. Collins*, 338 Mich. 680 (1972) ................................................................ 4

*People v. Davis*, (After Remand), 129 Mich. App. 622 (1983) .................................... 4

*People v. Godbold*, 230 Mich. App. 508, 517; 585 N.W. 2d. 13 (1998) ...................... 5

*People v. Grimmett*, 338 Mich. 590 (1972) .............................................................. 4

*People v. Harris*, 110 Mich. App. 636 (1981) ........................................................... 4

*People v Hill*, 402 Mich 272, 282-283; 262 NW2d 641 (1978) ................................. 2

*People v. Jones*, 121 Mich. App. 484 (1982) ........................................ 4

*People v Kachar*, 400 Mich 78; 252 NW2d 807 (1977) ..................................... 7, 8, 9

*People v. Karasek*, 63 Mich. App. 706 (1975) ........................................ 11

*People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002) ............................. 2

*People v. Means*, 97 Mich. App. at 648-649 ..................................... 11

*People v Metzler*, 193 Mich App 541, 545-546; 484 NW2d 695 (1992) .................... 2

*People v. Missouri*, 100 Mich. App. 310 (1980) ........................................ 4

*People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001) ......................... 2

*People v Toma*, 462 Mich 281; 613 NW2d 694  (2000) ........................................ 2

*People v. Tumpkin*, 49 Mich. App. 262, 264; 212 N.W. 2d 38 (1973) ..................... 11

*Robinson v. Commonwealth*, 548 S.E. 2d. 227 (Va. App., 2001) ............................. 5

*Simmons v. United States,* 390 U.S. 377, 384; 88 S. Ct. 967; 19 L. Ed. 2d 1247 (1968) ...... 9

*Stovall v. Denno*, 338 U.S. 293, 299; 87 S. Ct 1976; 18 L. Ed. 2d 1199 (1967) ................. 7

*Strickland v Washington*, 466 US 668, 698; 104 S Ct 2052; 80 L Ed 2d 674 (1984) ........ 2, 3

*Strunk v. United States,* 412 U.S. 434 (1973) ....................................... 3

*Thigpen v. Cory*, 804 F.2d 893, 895 (CA 6, 1986) ..................................... 8

*United States v. Lovasco*, 431 U.S. 783 (1977) ................................... 3

*United States v. Wade*, 338 U.S. 21; 87 S. Ct. 1926; 18 L. Ed. 2d 1149 (1967) ............... 7, 9

iii

# CONSTITUTIONS, STATUTES, AND COURT RULES

US Const. Amend. VI ............................................................................. 3, 4, 6

US Const. Amend. XIV ............................................................................ 4, 6

Mich. Const. 1963, art. 1 § 14 ..................................................................... 3

Mich. Const. 1963, art. 1 § 17 ..................................................................... 6

Mich. Const. 1963, art. 1 § 20 ............................................................... 3, 4, 6

Mich. Const. 1963, art. 1 § 24 ..................................................................... 3

MCL. 768.1 ............................................................................................ 3

MCR 6.401 ............................................................................................. 5

MCR 6.402(B) ........................................................................................ 5

Administrative Order 2004-6 ...................................................................... v

### *STATEMENT OF JURISDICTION*

     Appellant was sentenced in the Wayne County Circuit Court on 03/09/2016.  Appellate

Counsel has already filed a brief on appeal in this matter.  In addition to the statement of jurisdiction

noted in the original brief on appeal, Appellant refers this Court to Administrative Order 2004-6

Minimum Standards For Indigent Criminal Appellate Defense Services Standard 4, which allows a

defendant to file a pro per brief raising issues that his/her counsel refused to raise.

## *STATEMENT OF QUESTIONS PRESENTED*

**I:  WAS TRIAL COUNSEL INEFFECTIVE FOR NOT RAISING A SPEEDY TRIAL MOTION VIOLATING MR. DAWSON'S VI AMENDMENT RIGHT TO A SPEEDY TRIAL AND FOR FAILING TO FULLY INVESTIGATE AND PRODUCE WITNESSES FOR AN ADEQUATE DEFENSE**

**II:  WAS DEFENDANT DENIED A FAIR TRIAL BY THE ERRONEOUS ADMISSION OF TAINTED IDENTIFICATIONS**

Defendant Answers: Yes
The Prosecutor Answers: No
The Trial Court Answers: No

vi

## ***STATEMENT OF FACTS***

DEFENDANT CONCURS AND REFERS THIS COURT TO THE STATEMENT OF FACTS CONTAINED IN DEFENDANT'S INITIALLY FILED BRIEF ON APPEAL BY APPELLATE COUNSEL.

*ARGUMENT*

I: **TRIAL COUNSEL WAS INEFFECTIVE FOR NOT RAISING A SPEEDY TRIAL MOTION VIOLATING MR. DAWSON'S VI AMENDMENT RIGHT TO A SPEEDY TRIAL AND FAILING TO FULLY INVESTIGATE AND PRODUCE WITNESSES FOR AN ADEQUATE DEFENSE**

**Standard of Review:**

Whether defendant was denied the effective assistance of counsel is a constitutional question, which this Court reviews *de novo. People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002); *People v Toma*, 462 Mich 281; 613 NW2d 694 (2000).    The performance and prejudice prongs of an ineffective assistance of counsel claim are mixed questions of law and fact reviewed *de novo. Strickland v Washington*, 466 US 668, 698; 104 S Ct 2052; 80 L Ed 2d 674 (1984).  To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was objectively unreasonable, (2) but for counsel's actions the outcome of the proceedings would have been different. *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). The standard of review for unpreserved constitutional error is for "plain error," *People v Carines*, 460 Mich 750, 764: 597 NW2d 130 (1999).  Under this standard, the reviewing court should reverse if clear error affected substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id* at 763-764.  This Court applies the *de novo* standard of review to issues calling for construction of constitutional provisions, statutes, and court rules, such as the right to a speedy trial.  *People v Hill*, 402 Mich 272, 282-283; 262 NW2d 641 (1978); *People v Metzler*, 193 Mich App 541, 545-546; 484 NW2d 695 (1992).

2

**Discussion:**

The United States and the Michigan Constitution guarantee every criminal defendant the right to a speedy trial. U.S. Const. Am. VI; Const. 1963, art. 1, §20. That right is also recognized by statute and court rule.

In every criminal prosecution, the accused shall have the right to a speedy and public trial . . . . Const. 1963, art. 1, §20.

Michigan requires a speedy trial pursuant to MCL. 768.1: "the people of this state and persons charged with crime are entitled to and shall have a speedy trial and determination of all prosecutions and it is hereby made the duty of all public officers having duties to perform in any criminal case, to bring such case to a final determination without delay except as may be necessary to secure to the accused a fair and impartial trial."

Mr. Dawson emphatically asked and requested counsel to file a motion for a speedy trial, pursuant to U.S. Const. Am. VI; Const. 1963, art. 1, §20, on numerous occassions throughout the Preliminary Examination proceedings and Trial Court proceedings. Counsel ineffectively denied Mr. Dawson this right by consistently telling Mr. Dawson that he would file the motion at the next court date and then the next until the proceedings were over and Mr. Dawson was tried and convicted. This prejudiced Mr. Dawson of his right to effective assistance of counsel and denied him his right to a speedy trial. U.S. Const. Am. VI; Const. 1963, art. 1, §§ 14, 20, 24, *Strickland v Washington*, Supra.

The constitutional speedy trial guarantee attaches when the defendant becomes an accused. *United States v. Lovasco*, 431 U.S. 783 (1977). The remedy where the right to speedy trial has been denied is dismissal of the charges. *Strunk v. United States*, 412 U.S. 434 (1973).

In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the United States Supreme Court promulgated

3

a four-part test to assess claimed speedy trial violations. The factors to be weighed include: (1) length of the delay; (2) reason for the delay; (3) the defendant's assertion of the right by making a demand for a speedy trial; and (4) prejudice to the defendant. Id. at 530. The Michigan Supreme Court adopted this test in *People v. Grimmett*, 338 Mich. 590 (1972) and *People v. Collins*, 338 Mich. 680 (1972).

The length of delay is the triggering mechanism for consideration of other factors in a speedy trial analysis, but it is not in itself determinative. See *People v. Missouri*, 100 Mich. App. 310 (1980); *Peopel v. Harris*, 110 Mich. App. 636 (1981). Unexplained delays are charged against the prosecution. See *People v. Bennett*, 84 Mich. App. 408 (1978); *People v. Davis*, (After Remand), 129 Mich. App. 622 (1983). Also, normal docket congestion is charged against the prosecution. See *People v. Jones*, 121 Mich. App. 484 (1982).

When balancing the four factors the relative weight of the factors does not require an even distribution of weight or any particular formula at all. Instead, the important question is whether the prosecution adhered to its constitutional duty to provide a speedy trial or adequately explained why it did not. See *Barker*, 407 U.S. at 514.

US Const, Am VI provides, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a ... trial, by ... jury ...." This right applies to State felony prosecutions through the Due Process Clause of U.S. Const., Am. XIV. *Duncan v. Louisiana*, 391 U.S. 145; 88 S. Ct. 1444; 20 L. Ed. 2d. 491 (1968). Likewise, Const. 1963, art 1, § 20 provides, in pertinent part: "In every criminal prosecution, the accused shall have the right to a ... trial by ... jury ...."

MCR 6.401 provides generally for a waiver of a jury trial:
The defendant has the right to be tried by a jury or may, with the consent of the

4

prosecutor and approval by the court, elect to waive that right and be tried before the court without a jury.

However, there is a strong presumption against a waiver of fundamental constitutional rights.  See generally, *Johnson v. Zerbst*, 304 U.S. 458; 58 S. Ct. 1019; 82 L. Ed. 1461 (1938). Accordingly, MCR 6.402(B) further provides, in pertinent part:

> Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury.  The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court....

Offering a defendant lenient treatment as a reward for waiving a jury trial does not make the waiver involuntary, because "the prospect of leniency if a right is waived is not the equivalent of a penalty for exercise of that right." *People v. Godbold*, 230 Mich. App. 508, 517; 585 N.W. 2d. 13 (1998), citing *Corbitt v. New Jersey*, 439 U.S. 212, 219-220; 99 S. Ct. 492; 58 L. Ed. 2d. 466 (1978). In *Godbold*, this Court upheld the practice of imposing a lenient sentence upon conviction, in exchange for waiver of a jury trial.

However, directly threatening to punish the exercise of the right to jury trial makes a waiver involuntary. For example, in *Robinson v. Commonwealth*, 548 S.E. 2d. 227 (Va. App., 2001), the Virginia Court of Appeals found a waiver of jury trial to be involuntary where the trial court had threatened to revoke the defendant's pre-trial release or increase the amount of bond if the defendant insisted on a jury trial. Accord, *Commonwealth v. Rodriguez*, 611 A. 2d. 305 (Pa. Super., 1992).

Trial counsel for an accused has an obligation and a duty to protect the rights of their client with due diligence within the confines of the law. M.R.P.C.'s 1.0, 1.1, 1.2, 1.3, 1.4, & 1.5.

Trial counsel has a duty and obligation to pursue avenues that the client brings to his/her attention. Such as, alibi witnesses, police misconduct (suggestive Identification Procedures), and making an adequate and thorough investigation into the reasoning and logic of the prosecutions case against Mr. Dawson. (Preliminary Examination Transcripts February 12, 2015 (PXT I, henceforth) p.g. 18-21).

One of the principal rights guaranteed under the Sixth Amendment and Due Process Clause is the right to present a defense. US Const Am VI, XIV; Const. 1963, art 1, §§ 17, 20. This right is embodied in the guarantees of the right to compulsory process, the right to confront witnesses, and to have the assistance of counsel. Due process at trial is "the right to a fair opportunity to defend against the state's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process." *Chambers v. Mississippi*, 410 U.S. 284, 294; 93 S. Ct. 1038; 35 L. Ed. 2d. 297 (1973).

The failure of defense counsel to call an alibi witness may amount to ineffective assistance of counsel, where the missing testimony affected the outcome of the trial. See, e.g., *Clinkscale v. Carter*, 375 F. 3d. 430 (CA 6, 2004) (holding defense trial counsel ineffective in failing to file a timely alibi notice where the defendant had promptly informed counsel of the alibi and supporting witnesses; defendant established prejudice where there was a "reasonable probability" that testimony of the alibi witnesses would have affected the outcome of the trial); and *Avery v. Prelesnik*, 548 F. 434; 2008 U.S. App. LEXIS 24079 (CA 6, 2008) (defense trial counsel ineffective in failing to fully investigate, locate, and call alibi witnesses).

6

To effectively deny Mr. Dawson his rights to a jury trial and speedy trial without objection is the epitome of ineffectiveness, with nefarious undertones of prejudice denying Mr. Dawson effective assistance of counsel and Due Process of law, the only remedy is a new trial.

## II: DEFENDANT WAS DENIED A FAIR TRIAL BY THE ERRONEOUS ADMISSION OF TAINTED IDENTIFICATIONS

**Standard of Review:**

According to *People v Kachar*, 400 Mich 78; 252 NW2d 807 (1973), the applicable appellate standard of review for this issue is clearly erroneous.

**Discussion:**

The dangers inherent in eyewitness identification by a witness who has been exposed to suggestive identification procedures have long been recognized. Due process is denied when identification procedures used are unnecessarily suggestive and conducive to irreparable misidentification. *United States v. Wade*, 338 U.S. 21; 87 S. Ct. 1926; 18 L. Ed. 2d 1149 (1967); *Stovall v. Denno*, 338 U.S. 293, 299; 87 S. Ct 1976; 18 L. Ed. 2d 1199 (1967); *People v. Anderson*, 389 Mich. 155 (1973). An identification procedure will be set aside as impermissibly suggestive when it can give rise to a substantial likelihood of misidentification. *Simmons v. United States*, 390 U.S. 377, 384; 88 S. Ct. 967; 19 L. Ed. 2d 1247 (1968); *Neil v. Biggers*, 409 U.S. 188, 198; 93 S. Ct. 375; 34 L. Ed. 2d 401 (1972). The danger is that an initial improper identification procedure may result in misidentification and will unduly influence any later identification. *People v. Carter*, 415 Mich. 558, 598 (1982).

An identification procedure can be unduly suggestive even in the absence of intentional misconduct in arranging it. The basic purpose of excluding suggestive identification evidence is to

7

prevent misidentification, not to deter misconduct. *Thigpen v. Cory*, 804 F.2d 893, 895 (CA 6, 1986); *Green v. Loggins*, 614 F.2d 219 (CA 9, 1980). The Court in <u>*Anderson*</u> described three factors that may lead to improper suggestion, even absent misconduct:

> First, the witness when called by the police or prosecution either is told or believes that the police have apprehended the right person. Second, if the witness is shown only one person or a group in which one person is singled ti in some way, he is tempted to presume that he is the person. Third, as the second factor just discussed above shows, eyewitness identification has inherent weaknesses from the standpoint of the witness's problems of sensation, retention, etc., and the similarity in appearance of people. *Anderson*, 389 Mich. at 178.

In the instant case, there were two corporal line-ups done two days after the incident took place were the individuals in the corporal line-up with Mr. Dawson had none of the same characteristics which singled out Mr. Dawson.   Even if Glasper's altered testimony at trial is accepted, that there was more than one line-up, Mr. Dawson was again singled out at the preliminary examination, where Ms. Glasper saw Dawson sitting at counsel table, obviously the defendant in the case.  The same is true of Mr. Johnson

After a witness has been subjected to an unduly suggestive identification procedure, any subsequent identification by the witness is not admissible unless the prosecution can show by clear and convincing evidence that such identification has a basis independent of the prior identification procedure. *Gilbert v. California*, 388 U.S. 263; 87 S. Ct. 1951; 18 L. Ed. 2d 1178 (1967); *People v. Kachar*, 400 Mich 78 (1987). In *Neil v. Biggers*, 409 U.S. 188, the United States Supreme Court discussed the factors to be considered when determining whether in-court identifications are reliable even though the pretrial confrontation procedure was suggestive. Those factors include the opportunity of the witness to view the offender, the witness' degree of attention, the accuracy of any

prior description of the offender, the level of certainty demonstrated by the witness, and the length of time between the offense and the confrontation. Id. at 199.

In Michigan, the Supreme Court in *People v. Kachar*, Supra, established a totality of the circumstances test, similar to that enunciated in Neil, for showing whether a proposed in-court identification has a basis independent of the influences of a prior suggestive procedure. The Court in *Kachar* listed eight factors to be considered: 1) whether there is any prior relationship between the witness and the defendant; 2) the opportunity to view the offense; 3) the length of time between the offense and the disputed identification; 4) the accuracy or discrepancies in the description given by the witness and the defendant's actual appearance; 5) whether there was any previous proper identification or failure to identify the defendant; 6) whether the witness previously identified another person as the offender; 7) the nature of the offense and the state of mind of the witness at the point of viewing the offender; and 8) whether the defendant has any idiosyncratic or special features. *Kachar*, 400 Mich. at 95-96. On review, a court should weigh the various factors, and determine whether the prosecution has established by clear and convincing evidence that a sufficient independent basis exists to purge the taint of any suggestive procedure. Id. at 97. See also *United States v. Wade*, Supra; *Simmons v. United States*, Supra.

Application of the *Kachar* and *Neil* factors to the evidence developed at the examination demonstrates that Mr. Johnson, and Ms. Glasper's in-court identifications were irreparably tainted.

1) Prior relationship:

Mr. Johnson did not know Mr. Dawson. (Preliminary Examination Transcript February 23, 2015 (henceforth PXT II) p.g. 19). nor did Ms. Glasper know the Defendant Dawson.

2) Opportunity to observe:

9

The incident was sudden and unexpected, and the witnesses could clearly not see who the assailants were. The incident lasted only about 10 seconds. It was dark with some artificial light. (PXT 25).

3) Length of time between offense and confrontation:

Ms. Glasper nor Mr. Johnson did not participate in corporal line-ups until a few days later. The preliminary examination, where Mr. Johnson and Ms. Glasper identified Mr. Dawson as the assailant, was held in February of 2015, approximately *a month* after the robbery took place.

4) Accuracy or discrepancies in the description:

The descriptions of the assailants were highly inconsistent. Although everyone said he was a black male of average height and weight, none of the witnesses saw tattoos.

5) Any identification of or failure to identify the accused:

Mr. Johnson told the officer he did not know if he could ID the shooter. Ms. Glasper participated in a corporal line-up, and she was unable to make an viable identification.

6) Prior identification of someone other than the accused:

The record reveals none.

7) Witness' state of mind:

The whole incident took only minutes, and the witnesses were shocked and fearful, either running and ducking for their lives, or, in the case of Mr. Johnson, running from the sounds of gun shots in his direction.

8) Idiosyncratic or special features:

There were no special features of the shooter described by any of the witnesses. The description they gave could have matched thousands of Detroit residents. On the other hand, Mr.

10

Dawson had special features, his tattoos, which *nobody* saw.

The *Neil* factors consist of many of the same considerations found in *Kachar*. These facts, taken together, did not prove by clear and convincing evidence that the complainant had an independent basis for identifying Mr. Dawson as the assailant. The trial court's ruling to the contrary was clearly erroneous.

Without the victim-witnesses' in-court identification of the defendant the prosecution's case would have been considerably weakened, to the point that "in all likelihood" acquittal would result from a new trial without the mistake. *People v. Karasek*, 63 Mich. App. 706 (1975); *People v. Tumpkin*, 49 Mich. App. 262, 264; 212 N.W. 2d 38 (1973). *Means*, 97 Mich. App. at 648-649 (footnote omitted). Defendant's convictions should be reversed.

11

## SUMMARY AND RELIEF

**WHEREFORE,** for the foregoing reasons, Defendant-Appellant asks that this Honorable

Court vacate his convictions and sentence, and remand this case to the Wayne County Circuit Court

for a new trial, evidentiary hearing, or any appropriate relief that this court deems fit.


**Date:** October____, 2016

_Donnie Thomas-Dawson_
**Donnie Anthony Thomas-Dawson #717185**

12

**STATE OF MICHIGAN**
**IN THE COURT OF APPEALS**

PEOPLE OF THE STATE OF MICHIGAN,
                Plaintiff-Appellee,

vs                                              Court of Appeals No. 332339

DONNIE ANTHONY THOMAS-DAWSON,

                 Defendant-Appellant.

Third Judicial Circuit No.  15-001533-01-FC
Hon. Shannon N. Walker

**STIPULATION EXTENDING TIME**
**IN WHICH TO FILE APPELLEE'S BRIEF**

      The above parties stipulate that the time in which to file the Appellee's brief in the above case is

extended from **September 2, 2016 to September 30, 2016.**

                                                    Respectfully submitted,

                                                      **KYM L. WORTHY**
                                                      Prosecuting Attorney
                                                      County of Wayne

                                                      **JASON W. WILLIAMS**
                                                    Chief of Research, Training and Appeals

Date:  August 12, 2016                       **MARGARET AYALP (P38297)**
                                                  Assistant Prosecuting Attorney, Appeals
                                                  1441 St. Antoine, Suite 1105
                                                  Detroit, Michigan 48226-2302
                                                  Phone: (313) 224-5796

Date:  August 12, 2016                       /s/ *Arthur H. Landau* (w/permission)
                                                **ARTHUR H. LANDAU (P16381)**
                                                  Attorney at Law
                                                  P.O. Box 7740
                                                  Bloomfield Hills, Michigan, 48302
                                                  (248) 948-0893

cc:  Arthur H. Landau

RECEIVED by MCOA 8/12/2016 6:29:26 PM

**STATE OF MICHIGAN**
**COURT OF APPEALS**

# Bundle Cover Sheet

| Lower Court: WAYNE CIRCUIT COURT | L Ct No.: 15-001533-FC | COA No.: 332339 |
|---|---|---|
| **Case Title:** PEOPLE OF MI V DONNIE ANTHONY THOMAS-DAWSON | | |
| **Priority:** NONE | | |

| *Filer Information* | |
|---|---|
| Filer Monica Smith | Attorney Margaret Ayalp, P38297 |
| , MI | , MI |
| msmith@waynecounty.com | mayalp@waynecounty.com |

| *Filing Summary* | | |
|---|---|---|
| **Type** | **Description** | **Fee** |
| Stipulation | Stipulation Extending Time | $0.00 |
| | **Total:** | **$0.00** |

Alternate Payment Reason: None

<div style="color:green">RECEIVED by MCOA 8/12/2016 6:29:26 PM</div>

The document(s) listed above were electronically filed with the Michigan Court of Appeals.

332339-2041398

**STATE OF MICHIGAN**
MI Court of Appeals

## Proof of Service

| Case Title: | Case Number: |
|---|---|
| PEOPLE OF MI V DONNIE ANTHONY THOMAS-DAWSON | 332339 |

1. Title(s) of the document(s) served:

| Filing Type | Document Title |
|---|---|
| Stipulation | Stipulation Extending Time |

2. On 8-12-2016, I served the document(s) described above on:

| Recipient | Address | Type |
|---|---|---|
| Margaret Ayalp<br>Wayne County Prosecutor's Office<br>P38297 | mayalp@waynecounty.com | e-Service |
| Monica Smith<br>Wayne County Prosecutor's Office | msmith@waynecounty.com | e-Service |
| Authur H. Landau, P16381<br>Additional Service Recipients | P.O. Box 7740<br>Bloomfield Hills, MI  48302 | Mail |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

8-12-2016
_____
Date

/s/ Monica Smith
_____
Signature

Wayne County Prosecutor's Office
_____

RECEIVED by MCOA 8/12/2016 6:29:30 PM



**KYM L. WORTHY**
PROSECUTING ATTORNEY

**RICHARD P. HATHAWAY**
CHIEF ASSISTANT

**DONN FRESARD**
CHIEF OF STAFF

COUNTY OF WAYNE
**OFFICE OF THE PROSECUTING ATTORNEY**
DETROIT, MICHIGAN

1200 FRANK MURPHY HALL OF JUSTICE
1441 ST. ANTOINE STREET
DETROIT, MICHIGAN 48226-2302

TEL: (313) 224-5777
FAX: (313) 224-0974

November 17, 2016

Clerk's Office
Michigan Court of Appeals
3020 W. Grand Blvd., 14-300
Detroit, MI 48202

      Re: **People v Donnie Thomas-Dawson**
      Court of Appeals No. 332339

Dear Clerk of the Court:

I am writing to alert you to a medical leave I am taking in the month of December to undergo necessary surgery, and to make a request.  If possible, I am asking the Court to avoid scheduling cases for case call in January 2017 in which there has been no brief filed and I am the appellate prosecutor of record.  The above case is one of them.  It would be difficult for me to complete the brief before January case call, and I would greatly appreciate an opportunity to provide the Court with the People's position.  I realize this brief is already late and I apologize; it is a result of Wayne County's heavy appellate docket.

Thank you for your consideration.

                    Sincerely,

                    *Margaret Gillis Ayalp*

                    MARGARET GILLIS AYALP (P38297)
                    Assistant Prosecuting Attorney, Appeals
                    Wayne County Prosecutor's Office
                    1441 St. Antoine, Suite 1105
                    Detroit, Michigan  48226
                    Phone: (313) 224-5796

MGA/ms

cc: Arthur Landau, Esq.

*RECEIVED by MCOA 11/17/2016 3:34:20 PM*



PRINTED ON
RECYCLED PAPER



**STATE OF MICHIGAN**
**COURT OF APPEALS**

# Bundle Cover Sheet

| Lower Court:<br>WAYNE CIRCUIT COURT | L Ct No.:<br>15-001533-FC | COA No.:<br>332339 |
|---|---|---|
| **Case Title:**<br>PEOPLE OF MI V DONNIE ANTHONY THOMAS-DAWSON | | |
| **Priority:**<br>NONE | **Filing Option:**<br>File & Serve | |

| *Filer Information* | |
|---|---|
| <u>Filer</u><br>Monica Smith | <u>Attorney</u><br>Margaret Ayalp, P38297 |
| , MI | , MI |
| msmith@waynecounty.com | mayalp@waynecounty.com |

| *Filing Summary* | | |
|---|---|---|
| **Type** | **Description** | **Fee** |
| Correspondence | CorrespondenceLetter | $0.00 |
| | **Total:** | **$0.00** |

Alternate Payment Reason: None

RECEIVED by MCOA 11/17/2016 3:34:20 PM

The document(s) listed above were electronically filed with the Michigan Court of Appeals.

332339-2230453

**STATE OF MICHIGAN**
MI Court of Appeals

## Proof of Service

| Case Title: | Case Number: |
|---|---|
| PEOPLE OF MI V DONNIE ANTHONY THOMAS-DAWSON | 332339 |

1. Title(s) of the document(s) served:

| Filing Type | Document Title |
|---|---|
| Correspondence | CorrespondenceLetter |

2. On 11-17-2016, I served the document(s) described above on:

| Recipient | Address | Type |
|---|---|---|
| Margaret Ayalp<br>Wayne County Prosecutor's Office<br>P38297 | mayalp@waynecounty.com | e-Service |
| Monica Smith<br>Wayne County Prosecutor's Office | msmith@waynecounty.com | e-Service |
| Arthur H. Landau, P16381<br>Additional Service Recipients | P.O. Box 7740<br>Bloomfield Hills, MI  48302 | Mail |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

11-17-2016
_____
Date

/s/ Monica Smith
_____
Signature

Wayne County Prosecutor's Office
_____

RECEIVED by MCOA 11/17/2016 3:34:23 PM

## STATE OF MICHIGAN
## IN THE COURT OF APPEALS

_____

PEOPLE OF THE STATE OF MICHIGAN,
                Plaintiff-Appellee,

                                         Court of Appeals No.
                                         332339

vs

DONNIE ANTHONY THOMAS-DAWSON,

                     Defendant-Appellant.

_____

Third Judicial Circuit No.  15-001533-01-FC
Hon. Shannon N. Walker

_____


### PLAINTIFF-APPELLEE'S BRIEF ON APPEAL


KYM L. WORTHY
Prosecuting Attorney
County of Wayne

JASON WILLIAMS
Chief of Research,
Training, and Appeals

MARGARET GILLIS AYALP (P38297)
Assistant Prosecuting Attorney
1441 St. Antoine, Suite 1105
Detroit, Michigan 48226
Phone:  (313) 224-5787

RECEIVED by MCOA 4/20/2017 12:49:55 PM

# TABLE OF CONTENTS

**PAGE**

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Counterstatement of the Questions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Counterstatement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.      Evidence that a defendant arrived in a vehicle, and appeared without a
        gun and then with one, can support the element of "concealment" for a
        CCW conviction. Here, defendant arrived by car, entered the gas station
        with no gun in sight, left momentarily, then returned with one in his
        hand. A rational trier of fact could have found sufficient evidence of
        concealment.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.     Only sentences for predicate felonies can be ordered to run consecutively
        with a felony-firearm sentence. The felony-firearm statute excludes the
        offense of CCW from being a predicate felony, and, further, A/GBH was
        not listed as a predicate felony. The trial court erred in ordering
        defendant's felony firearm sentence to run consecutively with these two
        sentences and the Judgment of Sentence should be corrected. . . . . . . . . . . . 9

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

RECEIVED by MCOA 4/20/2017 12:49:55 PM

i

III.     A defendant usually must meet the four-part plain error test before meriting relief on an unpreserved claim.  Here, defendant did not object to the imposition of court costs and has not established plain error, but, under *People v Konopka*, a remand is still required for the trial court to articulate the basis for the imposition of $600 in court costs.  Defendant has not discussed or met the plain-error test, but *Konopka* requires a remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

     A.  *Konopka* requires this Court to order a remand, which would otherwise not be necessary. . . . . . . . . . . . . . . . . . . . . . . . . . . 15

     B.  *Konopka* was wrongly decided and the People ask this Court to say so pursuant to MCR 7.215(J)(2). . . . . . . . . . . . . . . . . 17

          *1.  *Konopka* addressed an issue outside the scope of the remand, and its "factual basis" requirement is dicta.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

          *2.  Even if the issue had been properly before it,* Konopka *read a requirement into the amended costs statute which was not there and which the legislature did not intend.* . . . . . . . . . . . . . . . . 21

          *3.     *Konopka* granted relief without first finding plain error warranted it* . . . . . . . . . . . . . . . . . . . . . . 24

          *4.  A remand in every case where a factual basis is missing—regardless whether the issue is preserved or not, and regardless the amount of costs or type of case—is overly burdensome and unnecessary.* . . . . . . . . . . . . . . . . . . . . . . . 26

RECEIVED by MCOA 4/20/2017 12:49:55 PM

ii

IV.   A defendant must meet the four-part plain error test before meriting relief on an unpreserved claim challenging the imposition of attorney fees.  Here, defendant did not object to the imposition of attorney fees, has not acknowledged—much less discussed or met—the plain-error test, and cannot show that he was entitled to an ability-to-pay analysis before the fees were imposed.   He is not entitled to relief. . . . . . . . . . . . 29

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

RECEIVED by MCOA 4/20/2017 12:49:55 PM

# TABLE OF AUTHORITIES

## STATE CASES

<u>Page</u>

*Bauer v City of Garden City*,
    163 Mich App 562 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*In re Ford's Estate*,
    339 Mich 339 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26-27

*People v Cameron*,
    __ Mich App __ ; __ NW2d __ (2017) . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*People v Carines*,
    460 Mich 750 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 29

*People v Carpentier*,
    446 Mich 19 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*People v Clark*,
    463 Mich 459 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*People v Cortez*,
    206 Mich App 204 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*People v Cunningham*,
    496 Mich 145 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20

*People v Dunbar*,
    264 Mich App 240 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*People v Gardner*,
    482 Mich 41 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

*People v Gonzalez*,
    468 Mich 636 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

iv

RECEIVED by MCOA 4/20/2017 12:49:55 PM

*People v Hardy*,
    494 Mich 430 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 29

*People v Harris*,
    224 Mich App 597 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*People v Holder*,
    483 Mich 168 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*People v Howell*,
    300 Mich App 638 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

*People v Hutcheson*,
    308 Mich App 10 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 24

*People v Jackson*,
    483 Mich 271 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30, 31, 32, 33

*People v Johnson*,
    315 Mich App 163 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 17

*People v Kanaan*,
    278 Mich App 594 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*People v Katt*,
    248 Mich App 282 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*People v Kincade*,
    61 Mich App 498 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*People v Konopka*,
    309 Mich App 345 (2015) . . . . . . . . . . . . . 14, 16, 17, 19, 20, 24, 25, 27, 29

*People v Konopka*,
    497 Mich 863 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*People v Nimeth*,
    236 Mich App 616 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

v

RECEIVED by MCOA 4/20/2017 12:49:55 PM

*People v Nowack*,
462 Mich 392 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*People v Oliphant*,
399 Mich 472 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*People v Patterson*,
428 Mich 502 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*People v Peltola*,
489 Mich 174 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

*People v Pipes*,
475 Mich 267 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*People v Sanders*,
296 Mich App 710 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*People v Sanders (After Remand)*,
298 Mich App 105 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*People v Stevens*,
__ Mich App __ ; __ NW2d __ (2016) . . . . . . . . . . . . . . . . . . . . . . . . 17

*People v Tierney*,
266 Mich App 687 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*People v Vaughn*,
491 Mich 642 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 29

*People v Wyatt*,
470 Mich 878 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

RECEIVED by MCOA 4/20/2017 12:49:55 PM

## STATUTES

MCL 750.84 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

MCL 750.223 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

MCL 750.227a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

MCL 750.227 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7, 10

MCL 750.227b . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

MCL 750.230 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

MCL 750.529 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

MCL 769.1k . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16, 17, 18, 19, 20, 22, 23, 30

MCL 769.1*l* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30, 31

## COURT RULES

MCR 6.429  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

MCR 6.435  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

MCR 7.215 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 28

RECEIVED by MCOA 4/20/2017 12:49:55 PM

## STATEMENT OF JURISDICTION

The People accept defendant's statement of jurisdiction.

RECEIVED by MCOA 4/20/2017 12:49:55 PM

## COUNTERSTATEMENT OF QUESTIONS

### I.

**Evidence that a defendant arrived in a vehicle, and appeared without a gun and then with one, can support the element of "concealment" for a CCW conviction. Here, defendant arrived by car, entered the gas station with no gun in sight, left momentarily, then returned with one in his hand. Could a rational trier of fact have found sufficient evidence of concealment?**

**The People answer: "YES"**

**Defendant answers: "NO"**

### II.

**Only sentences for predicate felonies can be ordered to run consecutively with a felony-firearm sentence. The felony-firearm statute excludes the offense of CCW from being a predicate felony, and, further, A/GBH was not listed as a predicate felony. Did the trial court err by ordering defendant's felony firearm sentence to run consecutively with these two sentences?**

**The People answer: "YES"**

**Defendant answers: "YES"**

RECEIVED by MCOA 4/20/2017 12:49:55 PM

2

### III.

A defendant usually must meet the four-part plain error test before meriting relief on an unpreserved claim.  Here, defendant did not object to the imposition of court costs and has not established plain error, but, under *People v Konopka*, a remand is still required for the trial court to articulate the basis for the imposition of $600 in court costs.  Does *Konopka* require a remand even though defendant has not discussed or met the plain-error test?

The People answer:  "YES"

Defendant answers:  "YES"

### IV.

A defendant must meet the four-part plain error test before meriting relief on an unpreserved claim challenging the imposition of attorney fees.  Here, defendant did not object to the imposition of attorney fees, has not acknowledged—much less discussed or met—the plain-error test, and cannot show that he was entitled to an ability-to-pay analysis before the fees were imposed.  Is he entitled to relief?

The People answer:  "NO"

Defendant answers:  "YES"

RECEIVED by MCOA 4/20/2017 12:49:55 PM

## COUNTERSTATEMENT OF FACTS

The People generally accept defendant's statement of facts.

Following a bench trial in February 2016, the Hon. Shannon Walker presiding, defendant was convicted of armed robbery,[1] assault with intent to do great bodily harm less than murder (A/GBH),[2] carrying a concealed weapon (CCW),[3] and felony firearm.[4]  He was sentenced on March 9, 2016 to 9-15 years, 2-10 years, 1-2 years, and 2 years, respectively.  The felony firearm sentence was ordered to run consecutively with the other three sentences.

---

[1]MCL 750.529.

[2]MCL 750.84.

[3]MCL 750.227.

[4]MCL 750.227b.

4

RECEIVED by MCOA 4/20/2017 12:49:55 PM

# ARGUMENT

## I.

**Evidence that a defendant arrived in a vehicle, and appeared without a gun and then with one, can support the element of "concealment" for a CCW conviction. Here, defendant arrived by car, entered the gas station with no gun in sight, left momentarily, then returned with one in his hand. A rational trier of fact could have found sufficient evidence of concealment.**

## Standard of Review

A claim of insufficient evidence does not need to be raised below.[5] The standard of review for a claim of insufficient evidence is de novo.[6] The appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded the elements of the offense were proven beyond a reasonable doubt.[7] All conflicts with regard to the evidence must be resolved in favor of the prosecution. The standard of review is "deferential:" a reviewing court must draw all reasonable inferences and make credibility choices in support of the verdict.[8]

---

[5]*People v Patterson*, 428 Mich 502, 505 (1987).

[6]*People v Nowack*, 462 Mich 392, 399-400 (2000). This standard applies to a bench trial as well. *People v Kanaan*, 278 Mich App 594, 618 (2008).

[7]*Kanaan*, 278 Mich App at 618.

[8]*People v Gonzalez*, 468 Mich 636, 640-641 (2003).

RECEIVED by MCOA 4/20/2017 12:49:55 PM

**Discussion**

A rational trier of fact could have found sufficient evidence of concealment with evidence that defendant arrived by car, entered the gas station with no gun in sight, left momentarily, then returned with one in his hand.

The elements of carrying a concealed weapon (CCW),[9] specific to a pistol, are: (1) carrying a pistol concealed on one's person, or in a vehicle whether concealed or not, (2) without a license, (3) unless in one's home, on one's land, or in one's place of business.[10]  Defendant challenges only the first element, claiming there was insufficient evidence of concealment.[11]  There are two alternate bases for finding sufficient evidence of element one, however.  Defendant focuses only on the "carrying a pistol concealed on one's person" clause, and ignores the "or in a vehicle whether concealed or not" clause.  Under either clause there was sufficient

---

[9]MCL 750.227.

[10]MCL 750.227(2).  *People v Nimeth*, 236 Mich App 616, 619 (1999).

[11]At trial one of defendant's defenses was mistaken identity and actual innocence.  Identity is an essential element in a criminal prosecution, and the People must prove the identity of the defendant as the perpetrator of the charged offense beyond a reasonable doubt.  *People v Oliphant*, 399 Mich 472, 489 (1976).  On appeal, though, defendant does not challenge the sufficiency of evidence as to his identity, nor could he successfully.  Three eyewitnesses identified defendant:  Two witnesses from the incident (victim Gordon Johnson and the employee working the counter at the gas station), and a third witness whom defendant and his co-hort approached (the latter had a gun) at a liquor store minutes after leaving the gas station. 2/16, 12, 27, 59, 69, 74, 77-79.

6

RECEIVED by MCOA 4/20/2017 12:49:55 PM

evidence.  Under the last clause, a reasonable trier of fact could infer that defendant had the gun in the vehicle he arrived at the gas station in (and then left in) with his co-hort, since defendant used the gun several minutes later on victim Gordon Johnson.[12]  2/16, 12, 13-14, 61.  That evidence alone satisfied the first element, because an unlicensed pistol in a vehicle need not be concealed to violate the statute.[13]

Next, under the first clause of element one, the evidence showed sufficient evidence of concealment on defendant's person.  "Absolute invisibility of a weapon is not indispensable to concealment; the weapon need not be totally concealed."  A weapon "is concealed . . . when it is not discernible by the ordinary observation of persons coming in contact with the person carrying it, casually observing him, as people do in the ordinary and usual associations of life."[14]  The evidence showed that when defendant first entered the gas-station store and

---

[12]Defendant does not claim he did not arrive in the Monte Carlo, and all the evidence suggests he did, including that he left in it after the assault and robbery and was seen in it moments later by Breaun Glasper.  2/16, 61, 74-75, 77.

[13]MCL 750.227(2) states:  "A person shall not carry a pistol concealed on or about his or her person, or, *whether concealed or otherwise, in any vehicle operated or occupied by the person* . . . without a license to carry the pistol. . . "  Emphasis added.  Defendant has never claimed he had a license to carry the pistol.

[14]*People v Kincade*, 61 Mich App 498, 502 (1975) (internal quotations and citations omitted).

RECEIVED by MCOA 4/20/2017 12:49:55 PM

purchased Swisher-brand cigars at the counter from the store employee, the employee did not see defendant with a gun.  2/16, 58.  The employee then saw defendant walk up to Johnson and the two walk out the door; he heard a commotion outside soon after that.  2/16, 58-59.  Johnson testified defendant approached him as he was locking the door.  Johnson looked down and saw defendant had shoved a gun in his side, and then defendant made him walk outside. 2/16, 12-13.  A rational trier of fact could reasonably infer (as the trial court did here[15]) that the gun was concealed on defendant's person when he entered the store and purchased the cigars, and then he pulled it out to shove it in Johnson's side.

Thus, either of those facts—arriving in a car, or pulling out a previously concealed pistol—provided sufficient evidence for a rational trier of fact to find the element of concealment or possession in a car satisfied.

---

[15]In finding sufficient evidence of concealment, the trial court cited Johnson's testimony that defendant first came in the gas-station store to purchase Swisher-brand cigars with no gun visible on him:  "Based on the evidence, it's clear that when the defendant entered the location neither Mr. Johnson or Mr. Bin Rabed observed a gun in the defendant's hands, even while making the purchase of the Swishers.  It's reasonable to infer that the gun was concealed somewhere on his person."  2/22, 11.

RECEIVED by MCOA 4/20/2017 12:49:55 PM

## II.

**Only sentences for predicate felonies can be ordered to run consecutively with a felony-firearm sentence. The felony-firearm statute excludes the offense of CCW from being a predicate felony, and, further, A/GBH was not listed as a predicate felony. The trial court erred in ordering defendant's felony firearm sentence to run consecutively with these two sentences and the Judgment of Sentence should be corrected**.

**Standard of Review**

Defendant did not raise this issue at sentencing, but the People do not object to this Court's consideration of it. Construction of constitutional provisions, court rules, and statutes are reviewed de novo.[16]

**Discussion**

The People agree that the trial court erroneously ordered defendant's felony-firearm sentence to run consecutively with his sentence for carrying a concealed weapon, and that his Judgment of Sentence should be corrected.

A person who possesses a firearm when he commits or attempts to commit a felony, with the exception of four specific weapon-related felonies, is guilty of

---

[16] *People v Carpentier*, 446 Mich 19 (1994).

RECEIVED by MCOA 4/20/2017 12:49:55 PM

felony-firearm.[17]   CCW is one of the excluded felonies.[18]   Since CCW cannot be the predicate felony for a felony-firearm conviction, the mandatory consecutive sentencing provision in the felony-firearm statute[19] does not apply to a CCW conviction.[20]   Thus, the trial court erred by ordering defendant's felony-firearm sentence to run consecutively with his CCW sentence, and the JOS must be corrected to reflect that the CCW sentence will run concurrently with the felony-firearm sentence.

Additionally, the trial court improperly ordered defendant's felony-firearm sentence to run consecutively with his A/GBH sentence, since A/GBH was not one of the two felonies (armed robbery and felonious assault) listed as predicates for the felony-firearm charge.[21]   Thus, only the armed-robbery sentence can run

---

[17]MCL 750.227b(1).

[18]The four excluded statutes are MCL 750.223, 750.227 (CCW), 750.227a, and 750.230.

[19]"A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony."   MCL 750.227b(3).

[20]*People v Cortez*, 206 Mich App 204, 207 (1994).

[21]*People v Clark*, 463 Mich 459, 464 (2000): "No language in the [felony-firearm] statute permits consecutive sentencing with convictions other than the predicate offense."   Defendant has not raised this issue, but the People do so in the

RECEIVED by MCOA 4/20/2017 12:49:55 PM

consecutively with the felony-firearm sentence, since it was the only one of the two predicate felonies which defendant was convicted of.[22]

Both of the errors in the JOS are correctable under MCR 6.429(A) and MCR 6.435(A).[23]   A motion to correct invalid sentence is "not a condition precedent for a trial court to correct an invalid sentence,"[24] and MCR 6.429(A) "does not set time limits with respect to a trial court's authority to" do so, as long as a defendant's right to due process is satisfied.[25]   Finally, neither resentencing or a hearing is required to correct ministerial errors in the judgment, as this Court held in *People v Howell*.[26]

─────────────────────

interest of having accurate and lawful judgments.

[22]The A/GBH charge *could have been* listed as a predicate felony and, had it been, consecutive sentencing would have been required.

[23]MCR 6.435(A) states:  "Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it."
   MCR 6.429(A) states:  "A motion to correct an invalid sentence may be filed by either party.  The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law."

[24]*People v Harris*, 224 Mich App 597, 601 (1997).

[25]*Harris*, 224 Mich App at 601.

[26]*People v Howell*, 300 Mich App 638, 650 (2013); *People v Katt*, 248 Mich App 282, 312 (2001) (" . . . we remand for the ministerial task of correcting the judgment of sentence.")

RECEIVED by MCOA 4/20/2017 12:49:55 PM

In *Howell*, the Court considered the issue of clerical corrections in the context of a motion for relief from judgment in which defendant sought resentencing due to the trial court's sua sponte amendments to the judgment of sentence, made without a hearing.  One of the changes was to specify that defendant's new sentences would run consecutive to his parole sentence, as required by law.  The *Howell* Court held that MCR 6.429(A) and MCR 6.435(A) both allowed for the correction without resentencing or a hearing "even when the trial court was not aware at the time of sentencing that it was required to sentence a defendant to consecutive terms," since the court "would not have been able to sentence the defendant any differently."[27]

----

*Cf.*, cases where resentencing was ordered when correcting a mistake of law increased defendant's sentence:  *People v Thomas*, 223 Mich App 9, 15 (1997) (resentencing ordered to change the judgment of sentence from concurrent to mandatory consecutive sentencing because the sentence was "drastically increased"); *People v Harris*, 224 Mich App 597, 601 (1997) (discovery after defendant's first sentencing of crimes he committed under a different name resulted in mandatory consecutive sentencing).

[27] *Howell*, 300 Mich App at 649-650.  *Cf.*, *People v Holder*, 483 Mich 168, 169 (2009), where the Supreme Court found an amendment to a judgment improper because the concurrent sentence was *valid when imposed*, and thus the sentencing judge had no authority to later modify it under MCR 6.429(A).

Defendant cites the Supreme Court's order in *People v Wyatt*, 470 Mich 878 (2004), where the Court remanded for resentencing after defendant's felony-firearm sentence was incorrectly ordered to run consecutively with his CCW sentence.  While *Wyatt* appears to support defendant's request for resentencing, the People respectfully suggest that resentencing was unnecessary in *Wyatt*, and that under the more recent

RECEIVED by MCOA 4/20/2017 12:49:55 PM

The *Howell* Court concluded that "the trial court appropriately modified Howell's judgments of sentence to correct an omission, and that neither our court rules nor standards of constitutional due process required it to give him a hearing before doing so."[28]   Likewise, here the trial court "would not have been able to sentence the defendant any differently."   It had no authority to order the felony-firearm sentence to run consecutively with either the CCW or A/GBH sentence, and thus neither a hearing or resentencing is necessary to correct the errors.   This Court need only remand for the ministerial corrections to the judgment of sentence.

RECEIVED by MCOA 4/20/2017 12:49:55 PM

---

(albeit, Court of Appeals) holding in *People v Howell* no hearing or resentencing is necessary to make the ministerial corrections needed.

[28]*Howell*, 300 Mich App at 645.

### III.

**A defendant usually must meet the four-part plain error test before meriting relief on an unpreserved claim.   Here, defendant did not object to the imposition of court costs and has not established plain error, but, under *People v Konopka*, a remand is still required for the trial court to articulate the basis for the imposition of $600 in court costs.   Defendant has not discussed or met the plain-error test, but *Konopka* requires a remand.**

**Standard of Review**

Questions of statutory interpretation are generally reviewed de novo,[29] but defendant did not preserve this issue; thus it should be forfeited.[30]   3/9, 13.   If this Court chooses to review it, "an unpreserved challenge to a trial court's imposition of court costs is reviewed for plain error affecting a defendant's substantial rights."[31]   To merit relief a defendant must show:  (1) there an error, (2) the error was plain, i.e., clear or obvious, (3) the plain error affected substantial rights, and, once a defendant satisfies these three requirements, the reviewing court must still exercise its discretion and reverse only when (4) the defendant is actually innocent

---

[29]*People v Hardy*, 494 Mich 430, 438 (2013).

[30]*People v Carines*, 460 Mich 750, 763-764 (1999); *People v Vaughn*, 491 Mich 642, 654 (2012).

[31]*People v Johnson*, 315 Mich App 163, 197 (2016); *People v Konopka*, 309 Mich App 345, 356 (2015).

RECEIVED by MCOA 4/20/2017 12:49:55 PM

or the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.[32]

**Discussion**

Defendant did not object to the imposition of court costs and has not addressed or established plain error, but, under *People v Konopka*, a remand is still required for the trial court to articulate the basis for the imposition of $600 in court costs.

At sentencing, the trial court imposed the following costs and fees:

- $204 – state costs
- $130 – crime victim's
- $600 – court costs
- $400 – attorney fees

Defendant did not object to any of the costs or fees, or the fact that the trial court did not provide an itemized basis for the court costs.  3/9, 13.

### A. *Konopka* requires this Court to order a remand, which would otherwise not be necessary.

There is no requirement under Michigan law that court costs be itemized. MCL 769.1k ("the costs statute"), as amended by 2014 PA 352, allows for the imposition of "any cost reasonably related to the actual costs incurred by the trial court *without separately calculating those costs involved in the particular*

---

[32]*Carines*, 460 Mich at 763-764; *Vaughn*, 491 Mich at 654.

15

RECEIVED by MCOA 4/20/2017 12:49:55 PM

*case*[.]"[33]   Significantly, in the amended statute the legislature for the first time identified court services and expenses which could be counted toward court costs: Salaries and benefits for relevant court personnel, good and services necessary for the operation of the court, and necessary expenses for the operation and maintenance of court buildings and facilities.[34]   In *People v Konopka*,[35] this Court, while acknowledging that court costs "need not be separately calculated," still remanded because "the trial court did not establish a factual basis" for the costs imposed[36] and, without one, the Court found it could not determine whether the costs "were reasonably related to the actual costs incurred by the trial court, as

---

[33]MCL 769.1k(1)(b)(*iii*) (emphasis added).

[34]MCL 769.1k(1)(b)(*iii*)(A)-(C).   *People v Cameron*, __ Mich App __ ; __ NW2d __ (2017) (Docket No. 330876) held that court costs are a tax, but a constitutional one.   *Cameron*,  slip op at 7, 9, 11.

[35]*People v Konopka*, 309 Mich App 345 (2015).

[36]Court costs of $500 were imposed following a plea-based conviction for first-degree retail fraud and conspiracy to commit first-degree retail fraud.

16

RECEIVED by MCOA 4/20/2017 12:49:55 PM

required by MCL 796.1k(1)(b)(*iii*)."[37]   Because *Konopka* is binding,[38] the People

agree that this Court must remand for a hearing for the trial court to provide a

factual basis for the court costs imposed.[39]

### B. *Konopka* was wrongly decided and the People ask this Court to say so pursuant to MCR 7.215(J)(2).

The People contend that *Konopka* was incorrectly decided for the following

reasons, and request this Court to find the *Konopka* holding incorrect and (while

following it) to note its objection to the opinion.[40]

---

[37]*Konopka*, 309 Mich App at 359-360.  In accord, *People v Stevens*, __ Mich
App __ ; __ NW2d __ (2016) (Docket No. 328097); slip op at 4; and *Cameron*, __
Mich App at __ ; slip op at 8-9.

But compare *People v Johnson*, 315 Mich App 163 (2016),where this Court
upheld the court costs without remanding (on the costs issue; it remanded due to
erroneously imposed fines and restitution).  *Johnson*, 315 Mich App at 197-199.

[38]MCR 7.215(C)(2); MCR 7.215(J)(1).

[39]Defendant requests a hearing, not re-sentencing (on this issue).  Defendant's
brief, p 10.

[40]MCR 7.215(J)(2) states: "*Conflicting Opinion.*  A panel that follows a prior
published decision only because it is required to do so by subrule (1) must so indicate
in the text of its opinion, citing this rule and explaining its disagreement with the prior
decision.  The panel's opinion must be published in the official reports of opinions of
the Court of Appeals."

RECEIVED by MCOA 4/20/2017 12:49:55 PM

*1. Konopka addressed an issue outside the scope of the remand, and its "factual basis" requirement is dicta.*

The Court of Appeals in *Konopka* originally denied defendant's application for leave to appeal on February 21, 2014. Then *People v Cunningham*[41] was decided on June 18, 2014, holding that MCL 769.1k(1)(b)(*ii*) did not independently authorize the trial court to impose "any cost," and the court could only impose those costs the Legislature had authorized by statute.[42]   In light of *Cunningham*, the Michigan Supreme Court (MSC) remanded to the COA in *Konopka* to consider whether costs were properly imposed.[43]

---

[41]*People v Cunningham*, 496 Mich 145 (2014).

[42]*Cunningham*, 496 Mich at 158.

[43]The order stated in pertinent part:

> The application for leave to appeal the February 21, 2014 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration of whether the circuit court improperly imposed court costs, in light of our decision in People v Cunningham, 496 Mich 145 (2014), and if so, whether the circuit court's assessment of $500 in "court costs" constitutes plain error affecting the defendant's substantial rights. [*People v Konopka*, 497 Mich 863 (2014).]

RECEIVED by MCOA 4/20/2017 12:49:55 PM

After the MSC remanded but before the Court of Appeals issued its opinion on remand, *Cunningham* was overturned by 2014 PA 352 on October 17, 2014, which amended MCL 769.1k to make clear the legislature *did* mean to provide an independent basis for collecting court costs. Had MCL 769.1k not been amended, *Cunningham* would have rendered the imposition of costs in *Konopka* improper, and this was clearly what the MSC was concerned with in remanding.

The amended costs statute was given immediate effect, and retroactively so, except for the period between when *Cunningham* was issued and the amendment went into effect, i.e., June 18, 2014 through October 17, 2014.[44]   Since the *Konopka* sentencing occurred on July 17, 2013 the amended statute applied. Thus, all the *Konopka* Court needed to do on remand was note this and find the costs were properly imposed because the amended statute, rather than *Cunningham*, controlled.[45]   Instead, the Court continued with its ruling, holding that the amended costs statute required the trial court to articulate a factual basis. This holding was dicta:[46]   it was not necessary to reach in answering the narrow question put to it by

---

[44]Enacting sections 1 and 2 of 2014 PA 352.

[45]And it did so in part III of its opinion: "Because the Legislature amended MCL 769.1k, we hold that the trial court's imposition of court costs was valid." *Konopka*, 309 Mich App at 356.

[46]Obiter dicta is defined as "[s]tatements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential

19

RECEIVED by MCOA 4/20/2017 12:49:55 PM

the MSC on remand, that is, whether the trial court had authority to impose court

costs in light of *Cunningham*.[47]  "The problem with dicta, and a good reason that it

_____

to determination of the case in hand...."  *People v Tierney*, 266 Mich App 687, 713 (2005) (internal quotation and citation omitted).

[47]The holding at issue is distinguishable from another issue which *did* need to be considered even though it was necessarily outside the scope of the MSC remand order because it arose after the order was issued, that is, the effect of the costs-statute amendment on the case before it:

> We first are obliged to consider—and we reject—defendant's suggestion that we should not consider the prosecution's position regarding the effect of the Legislature's post-*Cunningham* amendment of MCL 769.1k.  Certainly it is true, as defendant points out, that the legislative amendment was not within the stated scope of the Supreme Court's remand order.  But it is obvious that a post-*Cunningham* legislative amendment could not have been addressed within the text of an order that was issued *before* the post-*Cunningham* legislative amendment was even enacted.  It is also true—and we specifically hold—that the subject matter of the legislative amendment is so inextricably tied to the subject matter of the decision in *Cunningham* that it is appropriate for us to consider them in conjunction with each other, and in fact, it would be inappropriate for us to do otherwise.  [*Konopka*, 309 Mich App at 351.]

Since the amendment to MCL 769.1k directly affected the inquiry at issue—whether the trial court had authority under that statute to impose court costs—the Court of Appeals on remand had to consider it.  In contrast, the *Konopka* Court did not need to consider *how to determine* whether the costs ordered in a particular case were "reasonably related to the actual costs incurred by the trial court," since that issue was never part of the MSC's inquiry, and also because in the amendment the legislature expressly stated the trial court did not need to "separately calculat[e]" the costs.  MCL

RECEIVED by MCOA 4/20/2017 12:49:55 PM

should not have the force of precedent for later cases, is that when a holding is unnecessary to the outcome of a case, it may be made with less care and thoroughness than if it were crucial to the outcome."[48]  This Court should not be bound by the "remand for factual basis" holding, whose across-the-board rule was not only dicta, but not well-thought-out.

2.  *Even if the issue had been properly before it,* Konopka *read a requirement into the amended costs statute which was not there and which the legislature did not intend.*

This Court's goal in construing a statute is "to ascertain and give effect to the intent of the Legislature."[49]  The "touchstone of legislative intent is the statute's language."[50]  This Court interprets the statute's words "in light of their ordinary meaning and their context within the statute and read[s] them harmoniously to give effect to the statute as a whole."[51]  Every word should be given meaning.[52]  If the

---

769.1k(1)(b)(*iii*), as amended.

[48]*Bauer v City of Garden City*, 163 Mich App 562, 571 (1987) (discussing why dicta was binding on the litigants of the case which yielded it, but should not be binding on future litigants in other cases).

[49]*People v Gardner*, 482 Mich 41, 50 (2008) (citation and internal quotation omitted).

[50]*Gardner*, 482 Mich at 50.

[51]*People v Peltola*, 489 Mich 174, 181 (2011).

[52]*Peltola*, 489 Mich at 181.

21

RECEIVED by MCOA 4/20/2017 12:49:55 PM

statute's language "is clear and unambiguous," this Court assumes "that the Legislature intended its plain meaning" and it enforces the statute as written.[53] When statutory language is unambiguous, judicial construction is not required or permitted because this Court presumes the legislature intended "the meaning that it plainly expressed."[54]   Nonetheless, statutory language should be construed reasonably, keeping in mind the statute's purpose, "to avoid absurd results."[55]

The People submit that the legislature did not intend the amended costs statute to require a blanket rule that the trial court must provide a factual basis for *any* court costs imposed, given (1) the clear statutory language not requiring the court to calculate the costs ("*without separately calculating those costs involved in the particular case . . .*"[56]), (2) the legislature's non-exhaustive list of costs which are "reasonably related to the actual costs incurred"[57] (*salaries and benefits for relevant court personnel, good and services necessary for the operation of the court, and necessary expenses for the operation and maintenance of court*

---

[53]*Gardner*, 482 Mich at 50 (citation and internal quotation omitted).

[54]*Peltola*, 489 Mich at 181; *Gardner*, 482 Mich at 50.

[55]*People v Hutcheson*, 308 Mich App 10, 13 (2014) (internal quotation and citation omitted), interpreting the sentencing guidelines.

[56]MCL 769.1k(1)(b)(*iii*) (emphasis added).

[57]MCL 769.1k(1)(b)(*iii*).

RECEIVED by MCOA 4/20/2017 12:49:55 PM

*buildings and facilities*[58]), and (3) the absence of a requirement that the trial court provide a factual basis for the costs.

In ruling the trial court must provide a factual basis for the costs it imposes, the *Konopka* Court relied on *People v Sanders*, 296 Mich App 710, 715 (2012) (*Sanders I* ),[59] and *People v Sanders (After Remand)*, 298 Mich App 105, 108 (2012) (*Sanders II*).  Both *Sanders I* and *II*, however, involved the former costs provision, MCL 769.1k(1)(b)(*ii*), which authorized the trial court to impose "*any cost* in addition to the minimum state cost . ."[60]  Unlike that overly broad language, the legislature in the amended costs statute reined in the imposition of excessive costs by requiring them to be "reasonably related to the actual costs incurred by the trial court . . ."[61]  Additionally, unlike the statute in *Sanders*, the amended statute provides a nonexhaustive list of court costs which are correctly included, providing

---

[58]MCL 769.1k(1)(b)(*iii*)(A)-(C).

[59]*Sanders I* was overruled in part by *People v Cunningham*, 496 Mich 145 (2014).

[60]Emphasis added.

[61]MCL 769.1k(1)(b)(*iii*), as amended.

RECEIVED by MCOA 4/20/2017 12:49:55 PM

further guidance to the trial court.  Indeed, the legislature called the 2014 amendment a "curative measure."[62]

Thus, the reasons for *Sanders*' "factual basis" requirement simply are not present under the amended statute.  The *Konopka* Court erred in concluding they were and requiring an itemized factual basis *in every case*—no matter the amount imposed or the length or type of case.  The present case—where the court costs were clearly reasonable and proportionate to the case—demonstrates how requiring a remand in every case results in an "absurd" result which the legislature could not have intended,[63] and also wastes significant judicial and prosecutorial resources.

   *3.*  Konopka *granted relief without first finding plain error warranted it.*

Even if the burdensome "factual basis required in every case" rule were a good one, *Konopka* should not have been the case to implement it.  There was no objection to, and no plain error found in, the lack of a factual basis in that case, thus relief was improperly granted.  The *Konopka* Court acknowledged the court-

---

[62]Enacting section 2 of 2014 PA 352:  "This amendatory act is a curative measure that addresses the authority of courts to impose costs under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before the issuance of the supreme court opinion in People v Cunningham, 496 Mich 145 (2014)."

[63]*Hutcheson*, 308 Mich App at 13.

24

RECEIVED by MCOA 4/20/2017 12:49:55 PM

costs claim was unpreserved and that the plain-error standard of review applied,[64] but did not apply this standard in creating the "factual basis" rule.  Even though defendant not only failed to object to the imposition of court costs, but also to the alleged lack of a factual basis for them,[65] the Court ruled defendant "should be given the opportunity to challenge the reasonableness of the costs imposed" and remanded to the trial court.[66]

A common misconception, including with this defendant (who cites only the de novo, and not the plain-error, standard), is that when an unpreserved claim involves a question of law, the de-novo standard of review applies *instead of* —and trumps—the plain-error standard.   Unpreserved claims, whether they involve a question of law or not, are reviewed for plain error.[67]   Had the *Konopka* Court

_____

[64]*Konopka*, 309 Mich App at 360.

[65]*Konopka*, 309 Mich App at 356.  The MSC remanded in *Konopka* for the Court of Appeals to determine whether the trial court erred by *imposing* costs, not to determine whether the trial court erred by not providing a factual basis for them.  The Court of Appeals' determination that the trial court did not commit plain error pertained to the first inquiry:  " . . .[W]e consequently find that the trial court did not commit plain error requiring reversal (although we remand for articulation of a factual basis for the imposition of costs under the new statute) . . . ."  *Konopka*, 309 Mich App at 359 n 6.

[66]*Konopka*, 309 Mich App at 360.

[67]See, e.g., *People v Pipes*, 475 Mich 267, 278 (2006):  "The Court of Appeals erred in failing to determine whether the *Bruton* [*v US*, 391 US 123 (1968)] error was properly preserved, and thereby failed to apply the proper standard of review.  The

RECEIVED by MCOA 4/20/2017 12:49:55 PM

actually applied the standard it cited, it would have been obligated to find there was no plain error in not providing a factual basis for the costs, which were only $500. If there was any error, it was harmless; defendant was not entitled to a hearing just to allow the trial court to state the obvious about the basis for the court costs.

> 4. *A remand in every case where a factual basis is missing—regardless whether the issue is preserved or not, and regardless the amount of costs or type of case—is overly burdensome and unnecessary.*

The People suggest a reasonable application of the costs statute would be to allow an appellate court to take judicial notice that a certain threshold amount of court costs is per se reasonable,[68] or, alternatively, that in the case before it the

---

Court of Appeals should have reviewed this unpreserved, constitutional error for 'plain error that affected substantial rights' under *Carines*."

[68]See, by way of analogy, our Supreme Court's holding in *In re Ford's Estate*, 339 Mich 339 (1954). There, the probate court exercised its discretion to require, at defendant's request, that plaintiff furnish a bond for security for costs of the lawsuit. Plaintiff objected to the bond itself or, alternatively, to its amount. The Supreme Court found (after first ruling that the probate court had the authority to impose the bond) that (1) like the trial court, it could take judicial notice that a certain amount of costs could reasonably be expected to mount in proceedings such as that one, and (2) taking judicial notice of that fact, the probate court's imposition of security for costs, and the amount it imposed, were reasonable:

> The statute reposes a like discretion in the Probate Court
> with respect to orders for security for costs. We conclude

26

RECEIVED by MCOA 4/20/2017 12:49:55 PM

amount imposed was reasonable.   The People contend that $600 is reasonable under either review, especially for a multiple-felony criminal proceeding which progressed to trial, and which had 13 pretrial hearings.   At a minimum, this Court could be apply a harmless-error standard of review case-by-case to determine

> that *the same rule ought to be held to apply in appeals from such orders of the probate court*.   Under such rule *our inquiry, and that of the circuit court,* is directed solely to the question of the probate court's abuse of discretion.   The unanswered allegations of defendants' motion and supporting affidavit regarding plaintiff's claim, the files of this case containing that claim, and the files in other cases in that court (*of which it might properly take judicial notice*-Wilkinson v. Conaty, 65 Mich. 614, 32 N.W. 841; People v. Fleisher, 322 Mich. 474, 34 N.W.2d 15), *disclosing the extent to which costs may reasonably be expected to mount in proceedings such as this*, afforded ample basis for the probate court's exercise of its discretion and its finding that it appeared to be reasonable and proper, as provided in section 5 of the statute, to require security for costs in the amount ordered.   [339 Mich at 346-347 (emphasis added.)]

Similarly, this Court could take judicial notice that every criminal proceeding will necessarily result in court costs being expended and, based on the categories of costs allowed to be included (salaries and benefits for relevant court personnel, good and services necessary for the operation of the court, and necessary expenses for the operation and maintenance of court buildings and facilities), $600 (which is a commonly imposed amount) is per se a reasonable number.   Such a holding could also benefit a defendant, who would not face the possibility of an increase in his costs assessment on remand when the trial court calculates exactly how many resources were expended in his case.

RECEIVED by MCOA 4/20/2017 12:49:55 PM

whether the absence of a factual basis was harmless based on, for example, the length and type of proceeding and the amount of costs imposed.

For all the above reasons, the People ask this Court to find the *Konopa* opinion was incorrectly decided and to note its disagreement with it pursuant to MCR 7.215(J)(2).

RECEIVED by MCOA 4/20/2017 12:49:55 PM

## IV.

**A defendant must meet the four-part plain error test before meriting relief on an unpreserved claim challenging the imposition of attorney fees.  Here, defendant did not object to the imposition of attorney fees, has not acknowledged—much less discussed or met—the plain-error test, and cannot show that he was entitled to an ability-to-pay analysis before the fees were imposed.   He is not entitled to relief.**

**Standard of Review**

Questions of statutory interpretation are generally reviewed de novo,[69] but defendant did not object to the imposition of attorney fees at sentencing; thus the issue is forfeited.[70]  3/9, 13.

If this Court chooses to review it, the four-part plain error standard of review applies.[71]

**Discussion**

Defendant did not object to the imposition of attorney fees, has not acknowledged—much less discussed or met—the plain-error test, and cannot show that he was entitled to an ability-to-pay analysis before the fees were imposed.

---

[69]*People v Hardy*, 494 Mich 430, 438 (2013).

[70]*People v Carines*, 460 Mich 750, 763-764 (1999)*; People v Vaughn*, 491 Mich 642, 654 (2012).

[71]*Konopka*, 309 Mich App at 356; *Vaughn*, 491 Mich at 654.

29

RECEIVED by MCOA 4/20/2017 12:49:55 PM

MCL 769.1k(1)(b)(*iv*) vests the sentencing court with discretion to impose the "expenses of providing legal assistance to the defendant." In turn, collection of assessed costs and fees is governed by MCL 769.1*l*, which sets forth when and how much money will be deducted from an MDOC[72] prisoner's account to pay for them. It does not allow deductions to be made unless there is over $50 in the account in one month.[73] "MCL 760.1*l* "inherently calculates a prisoner's general ability to pay and, in effect, creates a statutory presumption of nonindigency."[74] Defendant contends, citing *People v Jackson*,[75] that an ability-to-pay analysis should have been conducted before the attorney fees were imposed, even though he

---

[72]Michigan Department of Corrections.

[73]MCL 769.1*l* provides:

> If a prisoner under the jurisdiction of the department of corrections has been ordered to pay any sum of money as described in section 1k [MCL 769.1k] and the department of corrections receives an order from the court on a form prescribed by the state court administrative office, the department of corrections shall deduct 50% of the funds received by the prisoner in a month over $50.00 and promptly forward a payment to the court as provided in the order when the amount exceeds $100.00, or the entire amount if the prisoner is paroled, is transferred to community programs, or is discharged on the maximum sentence.

[74]*People v Jackson*, 483 Mich 271, 295 (2009).

[75]*People v Jackson*, 483 Mich 271 (2009).

RECEIVED by MCOA 4/20/2017 12:49:55 PM

did not object to them at sentencing.  This claim directly conflicts with established

Michigan law, including *Jackson*.

In *Jackson*, the Supreme Court confirmed that MCL 769.1*l*'s "monetary

calculations necessarily conduct a preliminary, general ability-to-pay assessment

before the prisoner's funds are taken[,]"[76] and hence the statute "allows for the

imposition of a fee for a court-appointed attorney irrespective of a defendant's

ability to pay[.]"[77]   Thus, the statute obviates the need for an ability-to-pay

assessment before the fees are imposed because it is structured to only take monies

from prisoners after a certain amount, deemed sufficient to live on while in prison,

is left for the prisoner's use.

A defendant may petition the court to reduce or eliminate the enforcement of

costs and fees if he "believes that his unique individual circumstance rebut §1*l*'s

presumption" of nonindigency.[78]   Nonetheless, a prisoner is not living among the

general populace; he is incarcerated and his living expenses are therefore "nil, as

---

[76]*Jackson*, 483 Mich at 295.

[77]*Jackson*, 483 Mich at 286.
The *Jackson* Court overruled *People v Dunbar*, 264 Mich App 240 (2004), which had required a trial court to conduct an ability-to-pay analysis before imposing attorney fees.  The *Jackson* Court held that "*Dunbar*'s presentence ability-to-pay rule must yield to the Legislature's contrary intent [as expressed in MCL 769.1*l*] that no such analysis is required at sentencing."  *Jackson*, 483 Mich at 290.

[78]*Jackson*, 483 Mich at 296.

31

RECEIVED by MCOA 4/20/2017 12:49:55 PM

the prisoner is clothed, sheltered, fed, and has all his medical needs provided by the state."[79]   Thus, the funds set aside for the prisoner in his account "are more than adequate to cover the prisoner's other minimal expenses and obligations without causing manifest hardship."[80]   Thus, "because a prisoner is being provided all significant life necessities by the state,"[81] the *Jackson* Court "caution[ed] that the imprisoned defendant bears a heavy burden of establishing his extraordinary financial circumstances."[82]

Defendant failed to present any evidence to rebut the strong presumption of nonindigency—and he still does not.  The trial court "must receive the prisoner's petition and any proofs of his unique and extraordinary financial circumstances" when a prisoner petitions to reduce the amount he is required to pay.[83]  Defendant has not met his "heavy burden" of showing his "extraordinary financial

---

[79]*Jackson*, 483 Mich at 295.

[80]*Jackson*, 483 Mich at 295.

[81]*Jackson*, 483 Mich at 296.

[82]*Jackson*, 483 Mich at 296.

[83]*Jackson*, 483 Mich at 296-297.  The trial court is not required to hold a formal hearing.  *Id*.

32

RECEIVED by MCOA 4/20/2017 12:49:55 PM

circumstances" would cause him "manifest hardship."[84]  He has failed to present any evidence to rebut the strong presumption of nonindigency.

Accordingly, this Court should deny defendant's request for resentencing or a hearing regarding his ability to pay the attorney fees.

---

[84]*Jackson*, 483 Mich at 295-296.

33

RECEIVED by MCOA 4/20/2017 12:49:55 PM

## RELIEF

WHEREFORE, the People respectfully request that this Honorable Court affirm defendant's convictions, and remand (1) for the trial court to itemize the basis for the court costs it imposed, and (2) for correction of the judgment of sentence to provide that defendant's felony-firearm sentence runs concurrently with, instead of consecutively with, his CCW and A/GBH sentences.

Respectfully submitted,

KYM WORTHY
Prosecuting Attorney
County of Wayne

JASON WILLIAMS
Chief of Research,
Training, and Appeals

*Margaret Gillis Ayalp*
Margaret G. Ayalp (P38297)
Assistant Prosecuting Attorney
1441 St. Antoine, Suite 1105
Detroit, Michigan 48226
(313) 224-5796

Dated: April 20, 2017
MGA

RECEIVED by MCOA 4/20/2017 12:49:55 PM

**STATE OF MICHIGAN**
**COURT OF APPEALS**

## Bundle Cover Sheet

| Lower Court: | L Ct No.: | COA No.: |
|---|---|---|
| WAYNE CIRCUIT COURT | 15-001533-FC | 332339 |

| Case Title: |
|---|
| PEOPLE OF MI V DONNIE ANTHONY THOMAS-DAWSON |

| Priority: | Filing Option: |
|---|---|
| NONE | File & Serve |

| *Filer Information* | |
|---|---|
| **Filer** | **Attorney** |
| Monica Smith | Margaret Ayalp, P38297 |
| , MI | , MI |
| msmith@waynecounty.com | mayalp@waynecounty.com |

| *Filing Summary* | | |
|---|---|---|
| **Type** | **Description** | **Fee** |
| Brief | Plaintiff-Appellee's Brief on Appeal | $0.00 |
| | **Total:** | **$0.00** |

Alternate Payment Reason: None

The document(s) listed above were electronically filed with the Michigan Court of Appeals.

332339-2440993

RECEIVED by MCOA 4/20/2017 12:49:55 PM

**STATE OF MICHIGAN**
MI Court of Appeals

## Proof of Service

| Case Title: | Case Number: |
|---|---|
| PEOPLE OF MI V DONNIE ANTHONY THOMAS-DAWSON | 332339 |

1. Title(s) of the document(s) served:

| Filing Type | Document Title |
|---|---|
| Brief | Plaintiff-Appellee's Brief on Appeal |

2. On 4-20-2017, I served the document(s) described above on:

| Recipient | Address | Type |
|---|---|---|
| Margaret Ayalp<br>Wayne County Prosecutor's Office<br>P38297 | mayalp@waynecounty.com | e-Service |
| Monica Smith<br>Wayne County Prosecutor's Office | msmith@waynecounty.com | e-Service |
| Arthur H. Landau, P16381<br>Additional Service Recipients | P.O. Box 7740<br>Bloomfield Hills, MI 48302 | Mail |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

4-20-2017
Date

/s/ Monica Smith
Signature

Wayne County Prosecutor's Office

RECEIVED by MCOA 4/20/2017 12:49:58 PM